No. 3154.—CATHERINE M. BERRY, Wife, etc. *v.* THOMAS D. MARSHALL.

A mortgage is not prescribed so long as the primary obligation is in force, notwithstanding it has not been reinscribed within ten years.

A private agreement between the maker of a note in favor of the wife of another and her husband to the effect that her husband, as the agent of his wife, was authorized to receive payment of the note, is inadmissible in evidence on the trial of a suit to enforce payment of the note.

Nor is the evidence of a witness that he paid one thousand dollars, by direction of the maker of the note, to the husband, as the agent of his wife, admissible on the trial of a suit by the wife to recover the amount of the note as her separate property, because, if admitted, it would not prove that the husband was authorized to receive the money for his wife, and therefore, if the payment to the husband were proved, it would not prove that it inured to the benefit of the wife who was seeking to enforce the payment of her separate claim.

APPEAL from the Seventh Judicial District, parish of Avoyelles. *Miller,* J. *T. Overton,* for plaintiff and appellee. *Waddill & Barbin,* for defendant and appellant.

LUDELING, C. J. This is a suit against the maker on a note secured by a mortgage. The defense is payment and the plea that the mortgage had prescribed by non-reinscription within ten years.

As the suit is against the defendant who is in possession of the mortgaged premises, we do not perceive what difference it would make to defendant if the mortgage had perempted. It can not be prescribed so long as the primary obligation exists. But the mortgage had not *perempted,* as ten years had not run since its registry.

On the trial, the defendant offered a private agreement between himself and his father, the husband of the plaintiff, for the purpose of proving the agency of the plaintiff's husband and authority to receive payment on the note, which was objected to and excluded on the ground that it was *res inter alios acta* and totally irrelevant. The ruling was correct.

Defendant offered the testimony of J. U. Payne, taken by commission, to prove that the firm of Payne, Huntington & Co. had paid Roger B. Marshall one thousand dollars, as the agent of his wife, by sanction of defendant, which was objected to as irrelevant. The objection was sustained, and the testimony was rejected. We think the judge *a quo* was right in saying the evidence was irrelevant, for, admitting the firm aforesaid did pay the sum stated to the husband, supposing him to be the agent of his wife and authorized to receive the money, that does not prove the fact in question—the authority of the husband to receive the money for his wife. She was separated in property from her husband and had the administration of her own affairs, and the money paid to her husband is not shown to have inured to her benefit; in fact, the contrary is sworn to by the wife, and the note was not in the possession of the husband. Pinckney *v.* Mulhollon, 6 R. 40; 10 M. 310; 4 An. 526, Pew *v.* Labythe et al.

Another bill of exception was taken to the ruling of the judge *a quo*, excluding the testimony of William Taliaferro and Thomas D. Marshall, offered to prove that plaintiff's husband acted as her agent in paying taxes and other debts and in collecting notes and other debts due by her. We fail to discover the value of this evidence, if it were in the record. Because A has authority to collect a certain note or a dozen notes due B, it does not follow that he has a right to collect any other notes, not in his possession or under his control. An authority derived by implication can not be extended. The possession of the note is the authority of the agent to collect it, if he act under an *implied* and not an *express* mandate. There is no error in the judgment.

It is therefore ordered that the judgment of the court *a qua* be be affirmed, with costs of appeal.