M. MARTIN *v.* JOHN A. YOUNG and others.

*Statute of Limitations—Amendment.*

1. Where an individual partner brings suit in his own name on a partnership claim not barred by the statute of limitations, and is defeated by reason of the non-joinder of his copartners, he may bring another suit on the same cause of action within a year, though the latter suit would have been barred by the statute if it had been the beginning of the litigation.

2. Since to achieve the same end by different means can prejudice no one, the same result may be attained by an amendment converting the individual action into one in the name of the partnership, if such amendment be made within the time in which a new action might have been brought.

(*Phillips* v. *Holland*, 78 N. C., 31; *Henderson* v. *Graham*, 84 N. C., 496; *Christmas* v. *Mitchell*, 3 Ired. Eq., 535; *Cogdell* v. *Exum*, 69 N. C., 464, cited, distinguished and approved.)

CIVIL ACTION tried at Spring Term, 1881, of MECKLENBURG Superior Court, before *Eure, J.*

A single point is presented in this case and to enable it to be understood, a very succinct statement of the facts will suffice.

In their answer the defendants deny having made any contract with the plaintiff individually, but say they did contract with a firm composed of the plaintiff and J. and E. Stowe, and set up a counterclaim against the said firm.

To this the plaintiff replied that the contract sued on was made with himself and not the firm, and he pleaded statute of limitations to the defendants' counterclaim.

At fall term, 1878, the issues of fact were tried, and the jury found that the contract sued on was made with the firm of Martin & Stowe, and was the property of the firm. Thereupon the court allowed the plaintiff to amend the process and pleadings by making the partners (Stowe) parties plaintiff, requiring him, however, to pay all the costs up to that time. The amendment was accordingly made, the allegations of the complaint being the same as in the original, except that the contract sued on was alleged to have been made with the firm.

At spring term, 1879, the defendants answered the amended complaint, and said that by the amendment a new action was constituted against them, which they had a right to plead to as if the action had then first commenced, and accordingly they pleaded the statute of limitations to the plaintiff's demand.

At spring term, 1881, a trial by jury being waived, the judge presiding in the court below held that the plaintiff's action was not barred by the statute, and gave judgment accordingly, from which the defendants appealed.

*Messrs. J. E. Brown,* and *Dowd & Walker,* for plaintiff.
*Messrs. Jones & Johnston,* for defendants.

RUFFIN, J., after stating the facts. It is insisted for the defendants that by law no amendment is permitted to be made, the effect of which can be to take away a defence that might be made to the action if begun at the time of the amendment asked for. *Phillips* v. *Holland,* 79 N. C., 31, and *Henderson* v. *Graham,* 59 N. C., 496. And again, that when by an amendment a new charge is introduced against the defendant, he make such defence to it, as if it were the foun-

dation of an action then newly begun. *Christmas* v. *Mitch-ell*, 3 Ired. Eq., 535.

Conceding both of these propositions to be true, and they certainly are true according to the authorities cited, we still think his Honor's ruling in the court below was a correct one, and its correctness becomes the more apparent when tested by the principles contended for by the defendants.

If the amendment had been refused, and the action as it originally stood in the name of the plaintiff, Martin, had failed on account of the defect of parties suggested, a new action brought on the same cause of action in the name of the present plaintiffs would have been saved from the bar of the statute, if brought within a year therefrom; and this, by virtue of the statute, Rev. Code, ch. 65, § 8. This statute has almost uniformly been held to extend to a new suit brought by a new party, either alone or in conjunction with the plaintiff in the original action, *if based upon the same cause of action and title.* Angell on Lim., § 324; *Coffin* v. *Cottle*, 16 Pick., 328.

Inasmuch, then, as the amendment deprived the defendants of no *legal* advantage, but left them free to set up every defence to the action as amended, which would have been open to them in case a new action had been begun against them, it was properly allowed, and the statute of limitations can no more avail them in one than in the other.

In the case of *Carne* v. *Malius*, 6 Eng. L. & Eq., 568, an action was brought in the name of three parties as members of a firm, and at the trial it was discovered that at the time the debt sued on was contracted, eight other persons were beneficially interested in the firm, and should have been made parties; and thereupon the court of exchequer on motion allowed the writ and pleadings to be amended by adding the names of those persons.

The case is distinguished from that of *Cogdell* v. *Exum*, 69 N. C., 464, in which an assignee in bankruptcy was made a

party plaintiff to an action brought by the bankrupt in his own name, more than two years from the date of his appointment as such, and it was held that the defendant might plead the limitation prescribed in the act of congress as to him. There, the new party not only sued upon a title distinct from that of the original plaintiff, but the bar of the statute applied to him personally, and not to the cause of action sued upon, and besides, as it was said, the courts could not permit a plain act of congress to be contravened in any such way.

No error.                                    Affirmed.