M. F. PARKER, ADMINISTRATOR OF D. L SIMONS, v. GEORGE A. HARDEN, EXECUTOR OF NANCY M. SIMONS.

*Pleading—Practice—Amendment—Statute of Limitations—Burden of Proof—Trust—Conversion—Date of Conversion of Trust Funds—Presumption.*

1. Where, in an action for the alleged conversion of money, the complaint did not state that the funds were received by the person charged with the conversion as trustee or agent, evidence tending to show that they were so received cannot be considered in the absence of an amendment, under Section 273 of *The Code,* conforming the complaint to the evidence.

2. When the statute of limitations is pleaded the burden devolves upon the plaintiff to show that the cause of action accrued within the time limited.

3. In the absence of proof as to the date of the conversion of property, the presumption is that it was as of the date of taking the property into possession.

4. A trust terminates upon the death of the beneficiary.

5. When the bar of the statute is complete before the death of the party against whom a cause of action existed, Section 164 of *The Code* has no application.

CIVIL ACTION tried before *Robinson, J.,* and a jury at February Term, 1897, of BERTIE Superior Court. There was a verdict for the plaintiff and from the judgment thereon the defendant appealed.

*Mr. R. B. Peebles,* for plaintiff.
*Mr. Francis D. Winston,* for defendant (appellant).

CLARK, J. The jury found the issue as to the first cause of action against the plaintiff, *i. e.* they found that the defendant did not take into his possession money belonging to the plaintiff's intestate which had been found among the effects of the defendant's testator. There is no appeal by

121—8

the plaintiff, and that cause of action is therefore not before us.

The second cause of action was for the alleged conversion of $1400.00 belonging to D. L. Simons (who was the plaintiff's intestate) which at his death, on July 27, 1882, it is alleged was taken possession of by the defendant's testator, Nancy Simons, who was the wife of D. L. Simons.

Both the three years and ten years statute of limitations (*Code*, Sections 155 and 164) were pleaded, and the jury found that the defendant's testator had converted the sum of $1172.50. From this verdict and the judgment thereon the defendant appealed. The defendant's testator died in 1896. There was no allegation in the complaint that the wife received said fund as a trustee or agent, though there was some evidence tending to that end. But to be considered the complaint should have been amended to conform to the evidence (*Code*, Sec. 273) for there must be always *allegata* as well as *probata*. Yet had this been done, the statute having been pleaded, the burden devolved upon the plaintiff to show that the cause of action accrued within the time limited. *Graham* v. *O'Bryan*, 120 N. C., 464; *Hussey* v. *Kirkman*, 95 N. C., 63; *Moore* v. *Garner*, 101 N. C., 374; *Hobbs* v. *Barefoot*, 104 N. C., 224; *Koonce* v. *Pelletier*, 115 N. C., 234.

It is therefore immaterial whether the three years or the ten years statute applied, for the plaintiff offered no evidence to show the date of the conversion, and in the absence of proof the presumption is that the conversion was of the date of taking the property into possession in July, 1882. Besides if trustee for the husband, the trust was terminated by his death, which would have put the statute in motion; and if trustee for his children, that fact is not alleged in the complaint, nor is the action brought by them.

*The Code*, Section 164, has no application, as the testator·

died after the bar of the statute was complete.    In refusing
the prayer to instruct the jury that the claim was barred by
the statute of limitations there was error.

Error.