D. T. LOWDER, ADMINISTRATOR, v. T. A. HATHCOCK, JR., ADMINISTRATOR.

(Filed 14 April, 1909.)

1. Guardian and Ward—Express Trust—Termination of Trust—Death of Ward—Administration—Accounting.

The express trust existing between guardian and ward terminates at the death of the latter, and then the ward's distributees may have letters of administration taken out and call for an accounting.

2. Guardian and Ward—Death of Ward—Administration—Limitation of Actions.

An action brought by the administrator of a deceased lunatic against the guardian, whose last annual account, made in the ward's lifetime, showed unaccounted-for guardian funds in his hands, is barred when brought more than ten years after the death of the ward.

3. Guardian and Ward—Death of Ward—Limitation of Action—Time Extended—Interpretation of Statutes—Requisites—Proof.

The one year given in which to bring an action after the death of the one entitled thereto, provided the statute had not run at the time of the death and the cause of action survives (Revisal, sec. 367), embraces any remaining and unexpired time within the statutory limitation at the time of his death; and when this sec-

tion is relied on, in an action by the administrator of a deceased lunatic against the guardian, to prevent the running of the statute of limitations, it is necessary that the action should have been commenced within one year from the issuance of the letters of administration.

ACTION tried before *Webb, J.,* and a jury, at Fall Term, 1908, of STANLY.

Plaintiff appealed.

*T. F. Kluttz* and *J. R. Price* for plaintiff.
*R. L. Smith, R. E. Austin* and *Montgomery & Crowell* for defendant.

CLARK, C. J.   T. A. Lowder qualified as guardian of Nancy Adderton, a lunatic, in 1854, and filed his last annual account in November, 1858.   She died in 1887 or 1888, and D. T. Lowder qualified as her administrator 9 November, 1901.   T. A. Lowder, the guardian, died in 1899, and T. A. Hathcock qualified as his administrator 13 September, 1899.

The annual account filed in 1858 showed a balance then in the hands of the guardian of $1,087.10, and this action is to recover said sum, with compound interest from that date.   The guardian survived his ward eleven or twelve years; and if action had been brought during his lifetime doubtless he would have shown some disbursements on account of his ward in the thirty years between 1858 and 1887 or 1888, when she died, if not of all the fund.

Of course, no statute runs against an express trust, but the express trust was terminated by her death *(Parker v. Harden,* 121 N. C., 58; *Faggart v. Bost,* 122 N. C., 522; *Dunn v. Dunn,* 137 N. C., 534; 15 A. and E. Ency., 45), as was also the disability of her lunacy.   It was then incumbent upon the ward's distributees to have letters of administration taken out and to call for an accounting.

There is a distinction as to the suspension of the statute when the debtor dies and when the creditor.   When the latter dies, as in this case, The Code, sec. 164 (then in force, now Revisal, sec. 367), provided: "If a person entitled to bring an action dies before the expiration of the time limited for the commence-

ment thereof, and the cause of action survive, an action may be commenced after the expiration of that time and within one year from his death." When it is the debtor who dies, the action must be begun "within one year after issuing letters testamentary or of administration."

It is true this is an enabling and not a disabling statute, and does not cut down the time given by the general statute, but extends it (if not expired) to at least one year after death of a creditor and at least one year after issuing letters to the representative of a debtor. *Person v. Montgomery,* 120 N. C., 111. But whether the three-year or six-year or ten-year statute bars (all of which are pleaded), is immaterial, as more than thirteen years elapsed after the ward's death before this action began. When there is at the death remaining unexpired any part of the time limited, but it will expire in less than "one year after the death" of the creditor, or in less than "one year after issuing letters" on the debtor's estate, such "one year" includes, and is not added to, the unexpired statutory time.

In this case the guardian had been exposed to an action for over eleven years after the death of the ward, and the time limited for an action against him had expired at his death. Even if it had not quite expired, this action was not begun until more than "a year" (in fact, more than two years) "after issuing letters" to his administrator. *Coppersmith v. Wilson,* 107 N. C., 31; *Winslow v. Benton,* 130 N. C., 58.

In every aspect the plea of the statute was a complete bar, and it was properly sustained.

Affirmed.