On 2 December, 1909, S. J. Taylor, for value, executed and delivered to the plaintiff his note, under seal, for the sum of $110, and, at the same time, executed a mortgage deed on a tract of land in Robeson County, containing 66 acres, more or less, for the purpose of *Page 102 
securing the payment of said note. Thereafter, to wit, on 10 June, 1911, S. J. Taylor conveyed the mortgaged lands to George B. McLeod, who, in turn, on 11 March, 1913, conveyed the premises to the defendant, Butters Lumber Company. S. J. Taylor, maker of the note and mortgage, died on 26 December, 1914, and, on 31 May, 1924, the defendant Rexford Stephens, was appointed administrator of his estate. This action was instituted on 17 July, 1924.
There are only two questions involved in this appeal: (1) Is the action as to the defendant administrator barred? (2) Is the right of the foreclosure of the mortgage deed barred? We do not think the action on the debt barred, and the mortgage is an incident to the debt and is not barred. There is a difference in the statute between creditor and debtor.
C.S., 412, in part, is as follows:
If a person — a creditor — one who has claim on another — "entitled to bring an action died before the expiration of the time limited for the commencement thereof and the cause of action survives, an action may be commenced by his representatives after the expiration of that time and within one year from his death," etc.
In Lowder v. Hathcock, 150 N.C. 440, it is said: "It is true this is an enabling and not a disabling statute, and does not cut down the time given by the general statute, but extends it (if not expired) to at least one year after death of a creditor and at least one year after issuing letters to the representative of a debtor. Person v. Montgomery,120 N.C. 111."
The enabling statute giving one year to the representatives of the creditor does not apply if the creditor died after the bar of the statute was complete.
Under C.S., 412, supra, if a person is a debtor, one who owes another, the statute says: "If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his personal representative after the expiration of that time, and within one year after the issuing of letters testamentary or of administration, provided the letters are issued within ten years of the death of such person."
Benson v. Bennett, 112 N.C. 505, John Irvin, the debtor, died 9 July, 1885; J. C. Bennett was appointed administrator of his estate 21 August, 1885. The cause of action out of which the claim arose was 24 May, 1884. If the debtor, Irvin, had not died the action would have been barred under the 3-year statute, 24 May, 1887. The claim would have been barred 24 May, 1887, three years from time action arose after his death without the enabling statute. The action was brought 5 July, 1887 — 1 month and 10 days too late, without the enabling statute. Exclude the time the statute did not run from the debtor's *Page 103 
death 9 July, 1885, to time letters of administration were issued, 21 August, 1885 — 1 month and 12 days. We have one day margin — making 2 years and 11 months and 29 days — time within 3-year statute. Redmon v. Pippen, 113 N.C. 93; Person v. Montgomery, 120 N.C. 111;Winslow v. Benton, 130 N.C. 58; Fisher v. Ballard, 164 N.C. 326;Irvin v. Harris, 182 N.C. 660; S. c. (rehearing), 184 N.C. 547.
In Geitner v. Jones, 176 N.C. 544, it was held: "The court below was of the opinion that the action was barred by the statute of limitations. The note in suit fell due 18 June, 1912, A. A. Shuford, the payee, died 2 May, 1912. J. G. Hall died 1 August, 1913, and his personal representative was not appointed till 4 August, 1917. Hall having died before the expiration of the time limited for the commencement of this action, the plaintiffs were entitled to institute this action `within one year after the issuing of letters testamentary, provided such letters were issued within ten years after the death' of the debtor. Revisal, 367 (C.S., 412). His administrator was made party to this action by summons issued 15 February, 1918, and the claim therefore is not barred. Coppersmith v.Wilson, 107 N.C. 31; Winslow v. Benton, 130 N.C. 58, which holds that the section is an enabling and not a disabling statute. The debt not being barred, the foreclosure of the security can be ordered. Revisal, 391 (3)," (C.S., 437 (3).
The facts in the present case: S. J. Taylor, the debtor, executed a note under seal, secured by mortgage on certain land to plaintiff W. H. Humphrey, the creditor, on 2 December, 1909. The 10-year statute would have barred the note under seal, if Taylor had lived, on 2 December, 1919 (according to the record it was due the day it was made). He died on 26 December, 1914 and within 10 years as set forth in the statute — on 31 May, 1924, the defendant, Rexford Stephens, was appointed administrator of his estate. This action was instituted 17 July, 1924. According to the enabling statute, exclude the time between death of the debtor, S. J. Taylor, 26 December, 1914, and the administration on his estate within 10 years of his death, 31 May, 1924, the note being under seal is not barred. Is the right of foreclosure of the mortgage barred by the 10-year statute of limitation? The Geitner case, supra, decides it is not.
C.S., 437 (3), (period prescribed 10 years in which to bring action), quoted in Geitner case, supra, is as follows: "For the foreclosure of a mortgage, or deed in trust for creditors with a power of sale, of real property, where the mortgagor or grantor has been in possession of the property, within ten years after the forfeiture of the mortgage, or after the power of sale became absolute, or within ten years after the lastpayment on the same." The above is Revisal, 391 (3) and section 152 (3) of The Code, 1883, vol. 1, and is construed by H. G. Connor, J., in Menzel v.Hinton, 132 N.C. 660. The opinion was delivered 19 May, 1903. *Page 104 Walker, J., in Cone v. Hyatt, 132 N.C. 812, says: "We have held at this term, in Menzel v. Hinton, that the statute of limitations does not apply to a power of sale contained in a mortgage or deed of trust, when the deed is foreclosed, not in an action brought for that purpose, but simply by the mortgagee or trustee executing the power of sale. The statute was intended to apply only to actions or suits, and this is apparent from the very language of the law. In a case where it became necessary to decide whether a sale under a power was a suit or an action within the meaning of a statute, it was held that `the proceeding to foreclose a mortgage by advertisement is not a suit; such a proceeding is merely the act of the mortgagee exercising the power of sale given him by the mortgagor. In no sense is it a suit in any court, and all the definitions of that word require it to be a proceeding in some court."
C.S., 2589, is as follows: "The power of sale of real property contained in any mortgage or deed of trust for the benefit of creditors shall become inoperative, and no person shall execute any such power, when an action to foreclose such mortgage or deed of trust for the benefit of creditors would be barred by the statute of limitations." Revisal, sec. 1044, had the additional: "Wherever an action to foreclose any such mortgage or deed of trust is now barred by the statute of limitations, the authority to execute the power of sale contained therein shall be barred on the first day of January, one thousand nine hundred and seven." This act was passed to bar the power of sale and meet the decisions in the Menzel
and Cone cases, supra. Scott v. Lumber Co., 144 N.C. p. 44.
When a debt is secured by a mortgage, the debt is the principal and the mortgage only the incident, security for the debt. An assignment of the debt passes all the rights of the creditor in the mortgage. Hyman v.Devereux, 63 N.C. 629; Smith v. Godwin, 145 N.C. 242; Stevens v.Turlington, 186 N.C. 194; Trust Co. v. White, 189 N.C. 283. If the mortgage debt is barred that does not per se bar the right of foreclosure.Worth v. Wrenn, 144 N.C. p. 661. A transfer of the debt does not per se
carry a right to exercise the power of sale in a mortgage. Jones v.Williams, 155 N.C. 179. The note, under seal, in the present case was made when C.S., 412, supra, was the law of the State.
"In House v. Parker, 181 N.C. p. 42, it is said: `But the general laws of the State in force at the time of its execution and performance enter into and become as much a part of the contract as if they were expressly referred to or incorporated in its terms. O'Kelly v. Williams, 84 N.C. 281;Graves v. Howard, 159 N.C. 594; and Van Huffman v. Quincy, 4 Wallace, 552.'" Douglas v. Rhodes, 188 N.C. 582.
"If a mortgage is a mere incident to the debt which it is given to secure, it necessarily follows that it lives as long as the debt, and that it may be foreclosed so long as an action upon the debt is not barred by *Page 105 
the statute of limitations." Menzel v. Hinton, 132 N.C. 660, reported in 95 Amer. St. Rep., 669, Note C, citing: Moulton v. Williams, 6 Idaho 424;Hagan v. Parsons, 67 Ill. 170; Hibernian Banking Assn. v. Commercial Nat.Bank, 157 Ill. 524; Brown v. Rockhold, 49 Iowa 282; Jenks v. Shaw,99 Iowa 604; Prewitt v. Wortham, 79 Ky. 287; Clift v. Williams, 105 Ky. 559;Berry v. Marshall, 23 La. Ann., 244; Fraser v. Bean, 96 N.C. 327;Balch v. Arnold, 9 Wyo. 17.
Public Laws 1923, chap. 192, material part, is as follows: "That the conditions of every mortgage, deed of trust, or other instrument securing the payment of money shall be conclusively presumed to have been complied with or the debt secured thereby paid as against creditors or purchasers for a valuable consideration from the trustor, mortgagor, or grantor, from and after the expiration of fifteen years from the date when the conditions of such instrument by the terms thereof are due to have been complied with, or the maturity of the last installment of debt or interest secured thereby, unless the holder of the indebtedness secured by such instrument or partly secured by any provision thereof shall file an affidavit with the register of deeds of the county where such instrument is registered," etc.
In Hicks v. Kearney, 189 N.C. 316, it is held: The conclusive presumption of the payment of a debt secured by mortgage, etc., after fifteen years, as against creditors or purchasers (Public Laws 1923, chap. 192) is prospective in its effect. Const. of U.S., Art. I, sec. 10; Const. of N.C. Art. I, sec. 17. It would seem that the Legislature, in passing the above statute, construed the decisions of this State as we do in this case, and have provided as method to quiet mortgages and liens of long standing. The mortgage follows the debt. The debt there is not barred nor is the mortgage.
For the reasons given, the judgment below is
Affirmed.