J. H. WILLIAMS v. FREDERICKSON MOTOR EXPRESS LINES, INCORPORATED, AND UNITED STATES FIDELITY AND GUARANTY COMPANY.

(Filed 23 May, 1928.)

1. **Bus Lines—Actions for Negligence—Parties—Principal and Surety—Statutes—Pleadings—Demurrer.**

Under the provisions of the statute of 1925, chap. 50, secs. 3, 6(g) requiring public-service bus lines to give bonds indemnifying passengers and the public against negligent injury and property loss, as amended by Public Laws of 1927, chap. 136, sec. 6, providing that "in any action in the courts arising out of damage to person or property, the assurer shall not be joined in an action against the assured, but the assurer shall be liable within the limits of the bond," etc., *Held:* a joinder of the assurer in the action is forbidden, and the complaint will be dismissed upon demurrer.

2. **Constitutional Law—Obligation of Contracts—Change of Procedure Does Not Impair Obligation of Contract—Bus Lines.**

The statute of 1927, amending the Public Laws of 1925, prohibiting the joinder of the assurer in an action against the assured, relates to the remedy, and its enforcement does not impair the obligations of a continuing contract of indemnity when the injury in suit occurs after the time the act of 1927 went into effect.

STACY, C. J., not sitting.

APPEAL by defendants from *Harding, J.,* from order rendered 13 February, 1928, of MECKLENBURG. Reversed.

*D. B. Smith and James A. Lockhart for plaintiff.*
*John M. Robinson, Thaddeus A. Adams and S. E. Vest for defendants.*

CLARKSON, J. This is an action for actionable negligence instituted by plaintiff against the Frederickson Motor Express Lines, Inc., and the United States Fidelity and Guaranty Company.

It is alleged in the complaint: "The defendant, the United States Fidelity Company, is, and at the time of the matters hereinafter alleged, was a corporation having its principal office in the city of Baltimore, State of Maryland, and duly licensed to engage in the business in the State of North Carolina, and to issue and become bound upon bonds and policies of casualty, accident and indemnity insurance, and particularly upon that class of bonds required by chapter 50, Public Laws of North Carolina, 1925. That in accordance with the provisions of chapter 50 of Public Laws of North Carolina of 1925, the defendant, United States Fidelity and Guaranty Company, on 7 May, 1927, issued its bond or policy of insurance for the protection of the public against injuries received through the negligence of its codefendant, which said bond or policy of insurance was in force at the time of the matters herein complained of and covered the motor truck of its codefendant, which said motor truck is hereinafter referred to."

The defendant demurred on the ground that this joinder was prohibited by section 6 of chapter 136 of the Public Laws of 1927. The court below overruled the demurrer, and the defendants appealed to this Court. We think the demurrer should have been sustained.

This Court in *Harrison v. Transit Co.*, 192 N. C., p. 545, in construing Public Laws 1925, ch. 50, sec. 3, 6(g), said, at p. 547: "But under our statute, which is made a part of the bond or policy, a judgment against the carrier is not prerequisite to a suit on the bond. The Legislature no doubt intended to obviate the necessity of double litigation, for it provided that a carrier by automobile should give a bond in a surety company in an amount to be fixed by the Corporation Commission (unless in lieu thereof national, State, county, or municipal bonds were given), conditioned to indemnify the public as well as passengers receiving personal injuries by any act of negligence, and that this bond should be for the benefit of and subject to action thereon by any person protected thereby who has sustained actionable injury. The carrier and the surety company are thus made jointly liable for the actionable negligence of the assured."

Public Laws 1927, chap. 136, sec. 6, which, after prescribing that the commission shall, in granting franchise certificate to operate passenger and freight motor lines, and providing for requiring such applicants to procure and file with the commission proper liability and property damage insurance, insuring passengers and the public receiving personal injury by reason of an act of negligence arising from the operation of any motor vehicle by the applicant upon the public highways of the

State, etc., provides: *"In any action in the courts arising out of damage to person or property, the assurer shall not be joined in the action against the assured; but upon final judgment against the assured, the assurer shall be liable within the limitations of the policy for the amount recovered and all the court costs."* (Italics ours.)

It seems that the Legislature enacted the above provision to meet the decision in the *Harrison case, supra,* and we must so hold.

Said Public Laws 1927, chap. 136, sec. 20, is as follows: "That all acts or parts of acts in conflict with or inconsistent herewith are hereby repealed to the extent of said conflict or inconsistency; but nothing herein contained shall be construed to relieve any motor vehicle carrier, as herein defined, from any regulation otherwise imposed by law or lawful authority; neither shall this act be construed to affect any obligation arising under duty imposed by nor right of action accruing under chapter fifty, Public Laws of one thousand nine hundred and twenty-five, and amendments thereto. (Sec. 22.) That this act shall be in full force and effect from and after June thirtieth, one thousand nine hundred and twenty-seven."

The summons in the present action was issued 3 January, 1928, and the complaint was verified on the same day. The allegation in the complaint was to the effect that the occurrence or injury upon which the present action was based took place on 26 November, 1927. The bond by defendant Guaranty Company was given 7 May, 1927, and was a "continuing contract." *White Co. v. Hickory, ante* 42. The occurrence, or injury, took place, and the suit was brought, after the act of 1927, chapter 136, went into effect on 30 June, 1927.

In *Graves v. Howard,* 159 N. C., at p. 602, quoting in part from Cooley Const. Lim., 402, it is said: "Whatever belongs merely to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract; and it does not impair it, provided it leaves the parties a substantial remedy, according to the course of justice as it existed at the time the contract was made. It has accordingly been held that laws changing remedies for the enforcement of legal contracts, or abolishing one remedy where two or more existed, may be perfectly valid, even though the new or the remaining remedy be less convenient than that which was abolished, or less prompt and speedy." *Dunn v. Jones, ante,* 354; *Brown v. Auto Service Co., ante,* 647.

Under the facts and circumstances of this case, we must hold that the statute prohibits the joinder of the assurer and the assured.

For the reason given, the judgment of the court below must be
Reversed.

STACY, C. J., not sitting.