CITY OF STATESVILLE, A MUNICIPAL CORPORATION, v. MRS. BELLE WALKER JENKINS AND MISS BEULAH JENKINS.

(Filed 2 July, 1930.)

**1. Municipal Corporations G d—General statute of limitations does not apply to street assessments under city charter in this case.**

The lien given to a city against abutting owners for street improvements is a lien upon the particular land superior to all others, C. S., 2713, and is not chargeable or collectible from other property of the owner, C. S., 2716, and where the charter of the city creates the lien from the commencement of the improvement work, and provides that the improvement charges shall continue to be a lien upon the land until fully paid, the ten-year statute of limitations does not run against the city in favor of the owner or one claiming under him without notice of the lien so long as the lien continues by the nonpayment of the assessment lien so created.

**2. Same—Ch. 331, Public Laws of 1929 do not apply to limit time for enforcing assessment lien for improvements in this case.**

A statute which shortens the time within which an action may be brought must give a reasonable time for the enforcement of rights affected thereby, and chapter 331, Public Laws of 1929, (b) will not apply to bar a municipality's right to enforce assessments for street improvements, the liens for which had attached before its passage, the act failing to give a reasonable time for the enforcement of the assessments by the city.

**3. Same—The charter of a city governs the liability for street assessments made thereunder rather than general statutory provisions.**

A local statute enacted for a particular municipality is intended to be exceptional and for the benefit of such municipality, and is not repealed by the enactment of a general statute, and the charter of a city providing that assessments for street improvements shall remain in full force and effect until fully paid, governs the liability of those assessed thereunder rather than general statutory provisions in regard thereto.

STACY, C. J., dissenting; BROGDEN, J., concurs in dissent.

APPEAL by plaintiff from *Stack, J.,* at November Term, 1929, of IREDELL. Reversed.

This is a controversy without action, the agreed statement of facts is as follows:

1. The city of Statesville is a municipal corporation and as such, under the general law and by the provisions of its charter, is authorized to pave the streets in said city of Statesville and to make a local assessment against the property abutting thereon for a part of the costs of said pavement.

2. That in the year 1912, the said city of Statesville caused to be levied against the property hereinafter described a street assessment for the principal amount of $300.50, the date of said assessment being 1 September, 1912, and that said special assessments were payable in ten equal, annual installments maturing thereafter on 1 September in each year as follows: $30.05 due 1 September, 1913; $30.05 due 1 September, 1914; $30.05 due 1 September, 1915; $30.05 due 1 September, 1916; $30.05 due 1 September, 1917; $30.05 due 1 September, 1918; $30.05 due 1 September, 1919; $30.05 due 1 September, 1920; $30.05 due 1 September, 1921; $30.05 due 1 September, 1922.

3. That at the time said assessment was levied by the city of Statesville, E. Morrison was the owner of the lands against which said assessment was levied, but that the same were sold by E. Morrison to Dr. J. J. Mott and upon the death of the said Dr. J. J. Mott, were sold in the process of the administration of his estate by a commissioner appointed by the court to sell the said lands to make assets for the estate of the said Dr. J. J. Mott, and purchased by D. F. Jenkins, the husband of the defendant, Mrs. Belle Walker Jenkins, and the father of the de-

fendant, Miss Beulah Jenkins, from whom the present defendants acquired the property, same being the home place on the east side of North Center Street, in the city of Statesville.

4. That neither D. F. Jenkins nor the defendants had any notice of the existence of said street assessment from the city of Statesville and that the same was not paid by the commissioner appointed by the court to sell the same for the estate of Dr. J. J. Mott, and the first notice that the defendants had of the existence of said street assessment was in the year 1929, just before the city of Statesville started foreclosure sale of said lands 1 November, 1929.

5. That the city of Statesville has advertised a foreclosure and sale of said lands for the purpose of collecting the entire amount of said assessment and the same are now advertised for sale.

6. The defendants contend that each of said installments that has been due and unpaid for ten years from the date the said installment was due, is barred by the statute of limitations and that the city of Statesville cannot collect the same on account of said lapse of ten years since the maturity of said installments, it being agreed that seven of said installments, aggregating $210.35, together with all accumulated interest thereon, have been due and payable for more than ten years and that three of said installments in the amount of $90.15 principal, with accumulated interest, have not been due for ten years.

7. The city of Statesville contends that the statute of limitations does not run against said special assessment and that the entire amount is due by the defendants, as the owners of the property.

It is agreed that if the court shall find that the first seven installments which have been due more than ten years are barred by the statute of limitations, the court shall give judgment in favor of the city of Statesville for the remaining three installments in the amount of $90.15, with interest thereon from 1 January, 1913, or if the court should find that the said first seven installments are not barred by the statute of limitations, the court shall render judgment in favor of the city of Statesville for the entire amount."

The judgment of the court below is as follows:

"This cause coming on to be heard at the November Term of Iredell County Superior Court before his Honor, A. M. Stack, upon an agreed statement of facts submitted by the plaintiff and defendants and the court being of the opinion that the statute of limitations would apply against all assessments that have been due for a period of ten years or more and that the defendants have only three assessments that come within the ten-year period and are not barred by the statute of limitations. It is, therefore, considered, ordered and adjudged that the seven assessments of $30.05 against the property of the defendants are hereby

barred and that three of said installments or assessments, in the sum of $30.05 each, are due and that the plaintiff recover of the defendants the sum of $90.15, together with interest from 1 January, 1913, and for the costs of this action to be taxed by the clerk."

The plaintiffs excepted to the judgment as signed, assigned error and appealed to the Supreme Court.

*Long & Glover for plaintiff.*
*Scott & Collier for defendants.*

CLARKSON, J. The questions involved in this controversy:

1. Does the 10-year statute of limitations bar the city of Statesville from collecting street assessments, or installments thereof, more than 10 years past due? We think not.

2. Do the provisions of chapter 331, subsection b of section 1, apply to this case, in view of the failure to give a reasonable time to bring an action before said act became effective? We think not.

3. Is the liability of a property owner for street improvement special assessments levied by the city of Statesville, governed by general statutory liability or the provisions of the charter of the city of Statesville providing that such assessments shall be and remain in full force and effect until fully paid? We think by the charter of the city of Statesville.

Under the first question involved, we find that the pertinent provisions of the charter of the city of Statesville, Private Laws of 1911, chapter 243, sec. 45, relative to paving assessments, is as follows: "That the amount of the charges made against the landowners and assessed on the respective lots as hereinbefore provided for shall be and constitute from the commencement of the work for which they are charged and assessed, liens on the respective lots upon which they are charged and assessed; that the said amounts shall be placed in the hands of the tax collector for collection, and any property owner shall have the right to pay the charges made as hereinbefore prescribed in ten equal annual installments from and after the commencement of such work, with interest thereon at six per cent per annum from the date of such commencement, in which case the amounts due shall be and remain a lien on the lot or lots against which they are charged and assessed until fully paid," etc.

In the law under which the assessment was made, we find this clear language *"in which case the amounts due shall be and remain a lien on the lot or lots against which they are charged and assessed until fully paid."*

An assessment made upon adjoining land for a street improvement by a town is a charge upon the land constituting a lien superior to all others, C. S., 2713, and not enforceable against the personalty or other lands of the owner, and when the owner of land has been thus assessed payable in installments, C. S., 2716, and he subsequently dies, it is not a debt of the deceased payable by his personal representative, but a charge against the land itself. The provisions of C. S., 93, as to the order of payment of debts of the deceased has no application. *Carawan v. Barnett,* 197 N. C., p. 511.

The rights of the plaintiff are governed by the statute which makes the assessment. The statute gives a lien *in rem,* the lot or lots against which they are charged and assessed until fully paid. In the present case, it is conceded that the assessment has not been paid. The case of *Morganton v. Avery,* 179 N. C., 551, is distinguishable from this case.

As to the second question involved: We do not think the provisions of ch. 331, Public Laws 1929, subsec. b of sec. 1, applicable. "Where the bar of the statute is not complete a change in the statute may extend or shorten the time, but in the latter case a reasonable time must be given for the claimant to enforce his right." McIntosh N. C. Practice and Procedure, p. 105. In the note are cited cases as to what is a reasonable time.

In *Strickland v. Draughan,* 91 N. C., at p. 104, it is said, quoting numerous authorities: "In *Terry v. Anderson,* 95 U. S. Rep., 628, *Chief Justice Waite,* speaking for the Court, said: 'This Court has often decided that statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of the action before the bar takes effect.' . . . He further says in the same opinion, that parties have no more vested interest in a particular limitation which has been fixed, than they have in the form of the action to be commenced, and as to the forms of action or modes of remedy, it is well settled that the Legislature may change them at its discretion, provided adequate means of enforcing the right remains. Strictly, the principle he announced applies only to the statutes of limitation." *Matthews v. Peterson,* 150 N. C., at p. 133; *Graves v. Howard,* 159 N. C., 594; *Fisher v. Ballard,* 164 N. C., 329; *Barnhardt v. Morrison,* 178 N. C., at p. 568-9; see *Humphrey v. Stephens,* 191 N. C., 101; *Williams v. Motor Lines,* 195 N. C., 682. The statute we are considering fixed no time for the commencement of the action, but barred all assessments ten years from the default in the payment of any installment. *Ashley v. Brown,* 198 N. C., 369.

In *Dunn v. Jones,* 195 N. C., at p. 356, it is said: "No person can claim a vested right in any particular mode of procedure for the enforcement of defense of his rights. Where a new statute deals with pro-

cedure only, prima facie it applies to all actions—those which have accrued or are pending, and future actions.' *Stacy, C. J.,* in *Martin v. Vanlaningham,* 189 N. C., 656." *Gillespie v. Allison,* 115 N. C., 542.

The statute under consideration does not enlarge, but restricts, and no reasonable time is given in which to bring the action. We think the law quoted is controlling.

As to the third question involved: It is well settled, citing numerous authorities, in *Felmet v. Commissioners,* 186 N. C., at p. 252: "A local statute enacted for a particular municipality is intended to be exceptional and for the benefit of such municipality, and is not repealed by the enactment of a subsequent general law." *Asheville v. Herbert,* 190 N. C., at p. 736; *Monteith v. Commissioners of Jackson,* 195 N. C., 74-5; *Goode v. Brenizer,* 198 N. C., 217.

For the reasons given, the judgment below is

Reversed.

STACY, C. J., dissenting: As no period of limitation is mentioned in the charter of the city of Statesville (the idea of perpetuity not being accepted), it would seem that, under *Morganton v. Avery,* 179 N. C., 551, 103 S. E., 138, all the installments were barred by the three-year statute of limitations when chapter 331, Public Laws 1929, was enacted by the Legislature. Hence the plaintiff is in no position to complain at the holding that seven installments are barred under the 1929 statute, and three not.

BROGDEN, J., concurs in dissent.