NORTH CAROLINA BANK AND TRUST COMPANY AND GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. NORTH CAROLINA BANK AND TRUST COMPANY, AND EX REL. BANK OF DUPLIN, v. J. F. WILLIAMS, ADMINISTRATOR OF J. C. WILLIAMS, DECEASED, CHAS. TEACHEY, MAURY WARD, D. W. FUSSELL. HENRY FUSSELL, D. B. HERRING, AND G. W. BONEY, AND M. G. STARLING, ADMINISTRATOR OF MAURY WARD, DECEASED, AND MRS. LULA HERRING, ADMINISTRATRIX OF D. B. HERRING, DECEASED.

(Filed 8 April, 1936.)

**1. Limitation of Actions A c—**

The ten-year statute of limitations applies to principals in an indemnity bond under seal, but not to sureties therein. C. S., 437.

**2. Limitation of Actions B a—**

Ordinarily, a cause of action does not accrue on an indemnity bond until loss or damage is sustained, or where the bond provides payment of loss upon demand by those indemnified, at the time of such demand.

**3. Limitation of Actions B g—Substitution of statutory receiver for insolvent bank plaintiff held not to constitute new action.**

Where action is instituted by a bank as holder of an indemnity bond, and thereafter, upon insolvency of the holder, the statutory receiver is made a party or allowed to intervene as the equitable owner or pledgor, the cause of action is not changed, but is a continuation of the original action, and the period of limitation will be computed as of the date of the institution of the original action. C. S., 547.

**4. Limitation of Actions C b—New promise held made for benefit of plaintiff and was supported by sufficient consideration.**

A bank assigned its assets to another bank for liquidation, and certain officers and stockholders of the assignor bank executed as sureties a bond of the assignor bank indemnifying the assignee bank from loss in such

liquidation. Thereafter, in order to have the assets of the assignor bank transferred from the assignee bank to the statutory receiver for liquidation, the officers and stockholders executed a resolution addressed to the statutory receiver, agreeing to remain bound on the indemnity bond until the assignee bank had been reimbursed for moneys advanced in the liquidation of the assets of the assignor bank. *Held:* The resolution, although directed to the statutory receiver, was executed for the benefit of the assignee bank, and was supported by sufficient consideration, and constituted a new promise from which the statute of limitations began to run.

APPEAL by defendants from *Grady, J.,* at August Term, 1935, of DUPLIN. Affirmed.

Action on indemnity bond executed by defendants, directors, and stockholders of Bank of Rose Hill to the Bank of Duplin, under an agreement by which the Bank of Duplin took over the assets of the Bank of Rose Hill and guaranteed payment of its depositors.

This bond was dated 15 July, 1926, and was conditioned as follows:

"The condition of the above obligation is such that if the above bounden, the Bank of Rose Hill, and its sureties, shall well and truly have, keep, bear harmless, and indemnify the Bank of Duplin against all loss and damage that it may sustain in taking over the Bank of Rose Hill by reason of shortage, bad paper, overdrafts, expense, bank guarantees, attorney fees, court costs, and all other damages and losses whatsoever incident to taking over and liquidating the said Bank of Rose Hill in an amount not exceeding $30,000, the penal amount of this bond. (And the said Bank of Rose Hill and its sureties shall make good any loss or damage covered by this bond within 30 days after demand by the said Bank of Duplin.) Then this obligation to be null and void; otherwise, to remain in full force and virtue."

On 27 September, 1928, the Bank of Rose Hill adopted a resolution which was signed by each of the defendants. In this resolution request was made by the Bank of Rose Hill and the said signers of the indemnity bond that the Corporation Commission take over and liquidate the Bank of Rose Hill under the existing banking laws. It was set forth in the resolution, among other things, that "the fact that the North Carolina Corporation Commission enters into possession of the Bank of Rose Hill and its assets, and proceeds to liquidate same under banking law shall be without prejudice to the rights of the Bank of Duplin to collect from the Bank of Rose Hill and its sureties on the indemnity bond made by the said Bank of Rose Hill to the Bank of Duplin, 15 July, 1926, and the said defendants (naming them), sureties on said indemnity bond, . . . hereby agree to remain bound and liable on said indemnity bond until the Bank of Duplin shall have been reimbursed for the money advanced by it during the course of liquidating, taxes, and necessary expenses, including attorney fees incurred in connection therewith."

On 20 March, 1929, demand was made by the Bank of Duplin on all the signers of said bond for the payment of losses occasioned by taking over the Bank of Rose Hill.

On 16 January, 1930, the bond signed by defendants was assigned to the North Carolina Bank and Trust Company as collateral security for the indebtedness due it by the Bank of Duplin. On 4 December, 1930, Bank of Duplin closed its doors and was taken over for liquidation by the State Banking Department.

On 21 April, 1931, this action was instituted by North Carolina Bank and Trust Company, assignee, against the defendants, signers of said bond.

On 10 January, 1934, order was made making Hood, Commissioner of Banks *ex rel.* Bank of Duplin, party plaintiff to the action, as of 25 May, 1932, the date of his petition therefor, and some time after the institution of the action order was made substituting Hood, Commissioner of Banks *ex rel.* North Carolina Bank and Trust Company, party plaintiff for the said Bank and Trust Company, said Bank and Trust Company being then in liquidation.

This cause was heard by Grady, J., on agreed statement of facts on the question of the statute of limitations set up by defendants.

From judgment that the plaintiffs' action was not barred, and continuing the cause for determination of other issues, defendants appealed.

*C. I. Taylor, E. K. Bryan, and Geo. R. Ward for plaintiffs.*
*R. D. Johnson, Oscar B. Turner, Beasley & Stevens, and Butler & Butler for defendants.*

DEVIN, J. This case was before this Court at Fall Term, 1931, on appeal by defendants from a judgment overruling their demurrer, and is reported in 201 N. C., 464.

The case again came before this Court at Spring Term, 1935, on appeal by defendants from a judgment on directed verdict for the plaintiffs that the action was not barred by the statute of limitations. New trial was awarded for error in the peremptory instructions as to one or more of defendants. This is reported in 208 N. C., 243.

It was stated in the last report of the case (opinion by *Stacy, C. J.*): "The defendant Maury Ward did not sign the resolution; nor does J. C. Williams appear to have signed it individually."

However, from the record before us now, it appears that the resolution of 27 September, 1928, was signed by both these defendants.

The only question presented by this appeal is the correctness of the ruling of the court below on agreed facts that plaintiffs' cause of action was not barred by the statute of limitations.

While the indemnity bond sued on appears to have been under seal, and there is some ground for plaintiffs' contention that it was in effect an original obligation on the part of the signers, yet their relationship to the transaction here has been treated throughout as that of sureties, and the ten-year statute, C. S., 437, applies only to principals. *Barnes v. Crawford,* 201 N. C., 434; *Welfare v. Thompson,* 83 N. C., 276.

This being an action on an indemnity bond, the general rule is that the cause of action would not accrue until loss or damage was sustained. 37 C. J., 838. The language of the bond is that the defendant "shall make good any loss or damage within 30 days after demand." Demand was made 20 March, 1929.

This action on the bond was begun 21 April, 1931, by the North Carolina Bank and Trust Company, the holder of the bond as collateral security for the indebtedness of the Bank of Duplin, and plaintiff, Commissioner of Banks *ex rel.* Bank of Duplin, the equitable owner or pledgor of the bond, was by order made party plaintiff, or was permitted to intervene, as of 25 March, 1932. This, it seems, was a continuation of the same suit. The cause of action was not changed. The statute, C. S., 547, expressly confers power to amend pleadings and process by adding names of parties when the claim is not thereby substantially changed. The court has power to make additional parties when the amendment does not change the cause of action. *Mills v. Callahan,* 126 N. C., 756; *Martin v. Young,* 85 N. C., 156; *Cheatham v. Crews,* 81 N. C., 343; *Bullard v. Johnson,* 65 N. C., 436.

"A suit brought before the bar is complete will inure to the benefit of one intervening after the time when but for the commencement of the suit the claim would be barred," when there is privity of estate or community of interest between the parties. 37 C. J., 1064.

The name of one beneficially interested may be added by amendment after the statute of limitations has run. *Gentile v. Philadelphia,* 274 Pa., 335.

But the defendants have by their own act extended the period of obligation by signing and sealing the resolution of 27 September, 1928, in which they use this language: "The said J. C. Williams, Charles Teachey, Maury Ward, D. W. Fussell, Henry Fussell, D. B. Herring, and G. W. Boney, sureties on the said indemnity bond from the Bank of Rose Hill to the Bank of Duplin, as aforesaid, hereby agree to remain bound and liable on said bond until the Bank of Duplin shall have been reimbursed for money advanced, etc." There was no evidence that the Bank of Duplin has been reimbursed.

While this resolution, so signed, was addressed to the Corporation Commission, which under the law at that time had charge of the liquidation of banks, it was passed for the purpose of taking the assets and

property of the Bank of Rose Hill from the Bank of Duplin and putting same into the hands of the Corporation Commission for liquidation, which the court finds was done 6 October, 1928. The agreement to remain bound was for the purpose of indemnifying the Bank of Duplin on account of the removal of the assets of the Bank of Rose Hill and to renew and continue the obligation "until the Bank of Duplin shall have been reimbursed for money advanced." *Statesville v. Jenkins,* 199 N. C., 159; *Barnes v. McCullers,* 108 N. C., 47. The renewed indemnity obligation was clearly intended for the benefit of the Bank of Duplin, and its rights thereunder cannot be defeated by the contention that the promise to remain bound was made to another, since it was expressly stipulated it was intended for the protection of the Bank of Duplin. *Glass v. Fidelity Co.,* 193 N. C., 769; *Rector v. Lyda,* 180 N. C., 577; *Withers v. Poe,* 167 N. C., 372.

Nor was it without consideration. *Institute v. Mebane,* 165 N. C., 644; *Cherokee County v. Meroney,* 173 N. C., 653; *Exum v. Lynch,* 188 N. C., 392; *R. R. v. Zeigler,* 200 N. C., 396.

We conclude that there was no error in the rulings of the able and careful judge who heard the case below, and that his findings and judgment must be

Affirmed.