AUSTIN HOGSED v. H. PEARLMAN, Trading and Doing Business as PEARLMAN'S RAILROAD SALVAGE COMPANY.

(Filed 23 March, 1938.)

**1. Process § 3: Pleadings § 22—Motion to amend by substituting name of corporation for name of individual defendant held properly denied.**

Plaintiff instituted this action by service of summons on an individual defendant. Prior to the accrual of the cause of action the business property of defendant, including the truck causing the damage complained of, was transferred to a corporation, defendant becoming secretary-treasurer of the corporation, and plaintiff had knowledge of the name and existence of the corporation, but caused process to be served and pleadings drawn against the individual defendant through inadvertence. *Held:* Plaintiff's motion to amend process and pleading by substituting the name of the corporation for the name of the individual defendant was properly denied, C. S., 547, since the corporation is a separate entity and may not be brought into the court without service of process. *Clevenger v. Grover,* 212 N. C., 13, cited and distinguished in that the amendment therein was a correction of the name of the corporation which had been duly served with summons.

**2. Appeal and Error § 37b—**

The denial of a motion to amend, being a matter within the sound discretion of the trial court, is not reviewable on appeal except in case of manifest abuse of discretion.

**3. Same: Appeal and Error § 38—**

It will be presumed on appeal that the court's ruling upon a matter resting in his discretion was properly based upon his discretionary power when the record does not affirmatively show that appellant's motion was denied as a matter of law or from want of power.

APPEAL by plaintiff from *Alley, J.,* at December Term, 1937, of TRANSYLVANIA. Affirmed.

Motion to amend the summons and complaint by striking out the words "H. Pearlman, Trading as Pearlman's Railroad Salvage Company," and substituting in place thereof the words "Pearlman's Railroad Salvage Company, Incorporated," in the summons and complaint. The motion was denied, but the court entered order that Pearlman's Railroad Salvage Company, Incorporated, be made party defendant and that plaintiff be allowed to file additional or amended pleadings. Plaintiff appealed.

*Ralph H. Ramsey, Jr., for plaintiff, appellant.*
*J. M. Horner, Jr., for defendant, appellee.*

DEVIN, J. This appeal presents for review the ruling of the court below denying plaintiff's motion to amend process and pleading by sub-

stituting for the name of the individual defendant sued (H. Pearlman, Trading as Pearlman's Railroad Salvage Company) the name of Pearlman's Railroad Salvage Company, Incorporated, as the party defendant, without the issuance of process for the named corporation. The court below, however, in denying the plaintiff's motion to amend, entered an order making Pearlman's Railroad Salvage Company, Incorporated, a party defendant, with leave to the plaintiff to file additional or amended complaint. But the plaintiff contends that he was entitled to have the court, by amendment to the summons and complaint and by substitution of the name of Pearlman's Railroad Salvage Company, Incorporated, as party defendant, bring the corporation into court without the issuance of summons therefor.

The facts as they appear from the pleadings and the findings of the trial judge were substantially these:

On 7 June, 1937, plaintiff caused summons to issue for H. Pearlman, Trading as Pearlman's Railroad Salvage Co., and on 7 August, 1937, filed complaint alleging a cause of action against the named defendant for negligent operation of a truck on 8 September, 1934, causing injury to the plaintiff. Summons and complaint were served on defendant H. Pearlman on 9 August, 1937, as found by the court, "by reading the within summons and delivering a true copy of the verified complaint on the within named defendant." Answer was filed by H. Pearlman, 13 September, 1937, containing general denial of the allegations of negligence. Motion to amend process and pleading was filed 10 December, 1937.

It was found by the court that prior to 1933 H. Pearlman had been carrying on business under the name of Pearlman's Railroad Salvage Company, but that in 1933, in order to obtain new capital, a corporation was duly organized by the name of Pearlman's Railroad Salvage Company, Incorporated, which took over the business, and issued one hundred and fifty-one shares of capital stock, of which H. Pearlman owned three shares, H. Pearlman becoming secretary and treasurer of the corporation; that the truck, the operation of which it is alleged caused injury to plaintiff, was, with other property, in 1933, transferred to said corporation. It was admitted by plaintiff and found by the court that plaintiff was aware of the transfer of the property to the corporation, but by inadvertence had summons issued and complaint filed against the individual defendant, H. Pearlman, and was not misled by this defendant or by the corporation.

The power of the court under C. S., 547, to amend process and pleading was recently considered by this Court in *Clevenger v. Grover,* 212 N. C., 13. There the summons was issued against the "Knott Hotel Company," whereas the corporation intended to be sued was "Knott

Management Corporation," and proper service of process was had upon the agent of the latter corporation. The ruling of the judge of the Superior Court in that case in allowing the amendment to substitute the correct name was affirmed by this Court, citing *Gordon v. Gas Co.,* 178 N. C., 435, 100 S. E., 878 (Pintsch Gas case), and other cases of similar import. But distinction was there drawn between the holding in that case and the principle set forth in *Jones v. Vanslory,* 200 N. C., 582, 157 S. E., 867, and *Plemmons v. Imp. Co.,* 108 N. C., 614, 13 S. E., 188. In the last named cases, in which individuals were sued and it was sought by amendment to bring in the corporation with which the individuals were connected without the issuance and service of summons on the corporation, it was held that the corporation could not be brought into court "in this shorthand manner by amendment" without the service of process. In *Bray v. Creekmore,* 109 N. C., 49, 13 S. E., 723, it was said: "If the amended summons adds a new defendant, it must be served on such defendant."

In *Plemmons v. Imp. Co., supra,* the summons, as issued and served, named "A. H. Bronson, President of the Southern Improvement Co.," as party defendant. This Court held that the superadded words, "President of the Southern Improvement Co.," were mere *descriptio personæ,* and that, while it was "competent for the court to make the Southern Improvement Co. an additional party, or substitute it as sole party defendant, . . . it could not bring the Southern Improvement Co. in as a party defendant to the action, without its consent, except by causing amended summons to be served on it."

The plaintiff is seeking by this motion not to correct a mistake in the name of a party, nor to show the true name of a party when there was a misnomer (*Barnhardt v. Drug Co.,* 180 N. C., 436, 104 S. E., 890; *Lane v. R. R.,* 50 N. C., 25), but to add by substitution as a party defendant one who has never been served with summons. While the individual defendant sued had been doing business for several years prior to the institution of this action and prior to the organization of the corporation, using a name similar to that of the corporation, the latter was a new and separate entity, and the plaintiff was aware of the fact that the corporation had previously taken over the business, including the offending truck, and knew its corporate name. As was said in *Camlin v. Barnes,* 50 N. C., 296, the effect of the order of substitution, if allowed, "would be to make, not amend, process." It would effect a material change in the parties and the statement of the cause of action. *Trust Co. v. Williams,* 209 N. C., 806, 185 S. E., 18.

Furthermore, it has been uniformly held that the denial of a motion to amend, being a matter within the sound discretion of the trial court, is not reviewable upon appeal except in case of manifest abuse of discre-

tion. *Temple v. Tel. Co.*, 205 N. C., 441, 171 S. E., 630; *Gordon v. Gas Co.*, 178 N. C., 435, 100 S. E., 878. The ruling of the court below in the instant case is couched in the following language: "Whereupon the court, being of opinion that the substitution of the name of Pearlman's Railroad Salvage Company, Incorporated, would result in a change of parties to the action and involve the statement of allegations for the new cause of action, the motion of plaintiff is denied."

While it does not affirmatively appear in the above quoted language that the ruling was based upon discretion alone, neither does it appear that the court denied the motion as a matter of law without the exercise of discretion (*Tickle v. Hobgood*, 212 N. C., 762), nor for want of power. The ruling of the court below in the consideration of an appeal therefrom is presumed to be correct. 3 Am. Jur., sec. 925; *Brown v. Sheets*, 197 N. C., 268, 148 S. E., 233.

We conclude that there was no error in the denial of plaintiff's motion, and that the judgment must be

Affirmed.