Hall, Judge,
 

 delivered the opinion of the Court:
 

 At Common Law, if the heir was sued upon the obligation of his ancestor, in order to prevent a general judgment against himself, it was incumbent upon him to confess the action and shew the certainty of the land which he had by descent. If lie pleaded “nothing by descent,” orjudgmeut was given against him by default or by confession, or upon any other ground whatsoever, without confessing or shewing the certainty of assets, the Plaintiff was entitled to judgment against him, and execution might issue against his other lands, or his goods, or his body, as it might for his own debt in case he had executed the obligation.
 
 *
 
 But the Plaintiff was not compellable to take such a judgment
 
 •,
 
 he might suggest that the heir had such and such lands by descent, and pray execution thereof; otherwise' he might have been a loser by taking a general judgment, because in that case lie would be entitled only to a moiety of the lands of the heir, and it might be that the heir had no other lands except those descended.
 
 †
 

 But the present is a proceeding under our act of 1784, ch. 11, which directs, that when a judgment lias been obtained against the executors or administrators, and the plea of “ fully administered” has been found for them, before taking out execution against the lands descended, the heirs shall be notified by
 
 scire
 
 facias, to shew cause why execution should not issue against them ; and if judgment shall pass against the heir, execution shall issue against the lands of the deceased debtor in the hands of such heir. It is not contemplated by this act, that any judgment shall be obtained against the heir, so that in any respect he shall be personally liable for the debt; the object is to subject the lands of the debtor, which have descended to him. He
 
 *581
 
 is personally liable only where he has sold the lands which have descended to him before action brought or process sued out against him ; and then, only for the value of the land so sold, and this, by the act of 1789, eh. 39. that is not the present case. Here, the Defendants admit that lands descended, hut they do not shew in certainty, or describe what lands did descend. By not doing so, the Plaintiff would be entitled at Common Law to a judgment against them
 
 personally;
 
 or agreeably to the authority in Bacon’s Abridgment, before mentioned, he might elect to take judgment against the lands descended. But under this act, he cannot take judgment against the heirs personally
 
 •,
 
 lie may take judgment against the lands descended, and if those lands have been sold under prior judgments and executions, the Plaintiff wiil proceed against them at his peril. Purchasers under such executions are not bound by the proceedings in this action, and the jilea pleaded by the Defendants, is nothing more than a defence for such purchasers, which they themselves will have an opportunity of making successfully, if they be improperly molested. Besides, there may be other lands descended than those which the Defendants may have proved on the trial were sold under former judgments and executions, which lands, the Plaintiff on the trial knew nothing of; and if the verdict found in favour of the Defendants he final and binding, the Plaintiff is without remedy as to them.
 

 The Defendants have pleaded nothing which their interest as heirs required them to plead. If the plea were proper, they have not set forth in particular what lands have.descended and were sold. This, if it appeared at all, could only have been shewn in evidence on the trial, which was not sufficient. The Plaintiff’s case is not weakened, because lie did not set forth and shew what lands particularly had descended to the Defendant. This was only necessary at Common Law, to enable, the Sheriff to enquire what their annual value was before they were delivered over to the Plaintiff. That is not the case here:
 
 *582
 
 our act of Assembly does not direct the lands to be valued, but to be sold. The heirs are at liberty to plead many pleas when the
 
 scire, fadas
 
 is served on them, which, if true, would prevent judgment from passing against them. They might plead that the executor or administrator had not fully administered, but had assets; that the judgment against the executor or administrator was obtained by fraud, &c.: but the present plea pleaded by them cannot serve them. The Plaintiff is therefore entitled to an execution against the lands descended, as if
 
 no
 
 plea had been pleaded.
 

 *
 

 Plow. 440.
 

 †
 

 3 Bac. Ab. Verbo,
 
 heir
 
 and
 
 ancestor.
 
 H. 2 Roll. 71, 72.