MARCUS TILLEY, Administrator of S. Walker, v. M. C. BIVINS et al.

*Proceedings to sell Land for Assets to Pay Debts—Right of Heir to Contest Validity of Judgment against Administrator.*

In proceedings by an administrator for leave to sell land to make assets to pay decedent's debts, the heir has a right to show that judgments taken against the administrator after the commencement of the proceedings were wrongfully suffered to be entered against him. In such case it seems the judgment creditors ought to be made parties.

PETITION to rehear a cause decided at February Term, 1892 (110 N. C., 343), in which the judgment of the Court below was affirmed for failure on the part of the appellant to specifically assign the errors in the rulings of the Court.

The principal ground of objection to the rulings of the referee, approved by the Court below, to which the petition for the rehearing calls attention, was the refusal of the ref-

cree, in a proceeding brought by the plaintiff administrator to sell land for assets, to permit testimony showing that judgments taken against the administrator after the commencement of the proceedings were collusively taken. As will be seen by reference to the report of the case on the former hearing, the report and rulings of the referee were, in all respects, confirmed, and defendants appealed.

*Messrs. Fuller & Fuller,* for plaintiffs.
*Messrs. J. S. Manning* and *J. Parker,* for defendants (appellants).

MACRAE, J.: A more careful examination of the record in this case than was given it on the former hearing (110 N. C., 343) brings us to the conclusion that the appellants' exceptions were sufficiently definite and should have been considered. Without specifying each separate exception, we remand the cause that the defendants may be allowed to contest the existence of those alleged debts against the estate on which judgments were taken against the administrator since this proceeding was begun and while it was pending.

In proceedings under the Act of 1784, by *sci. fa.* against the heirs, they might plead that the judgment against the administrator was obtained by fraud. *Tremble* v. *Jones,* 3 Mur., 579. No change in principle was wrought by the Act of 1847 providing a different and less expensive procedure in obtaining a judgment for the sale of land for assets.

It was held in *Speer* v. *James,* 94 N. C., 417, that upon petition by administrator to sell lands for assets, if the debts had not been reduced to judgment, the heir might plead the statute of limitations, but when the debt had been reduced to judgment the heir is bound by the judgment

unless he could show that it was obtained by fraud and collusion.

As we understand the case presented to us, after these proceedings began several judgments were taken before a Justice of the Peace against the administrator, thus ascertaining debts which the defendants say are not due and owing and which they aver that the administrator wrongfully suffered to be taken against him. There can be no reason why the heirs should not be permitted to contest the validity of these judgments. It may be proper, however, to make the judgment creditors parties.

We express no opinion upon the merits. As to judgments which had been rendered against the testatrix in her life-time such defences only can be made by the heirs as would be available to the intestate while living. The referee ought to have considered all proper testimony offered before him to show that the judgments were fraudulently or collusively rendered and that the indebtedness did not exist.

Error.   Petition allowed.                    Remanded.