M. P. PERSON, Administrator, v. W. P. MONTGOMERY et al.

*Proceeding to Sell Land for Assets—Administrators— Judgment—Res Judicata—Statute of Limitations— Claims Against Estate of Decedent—Duty of Administrator.*

1. Where, in a proceeding for partition of land by two heirs against the third, the plaintiffs set up a debt of defendant due to the estate in order that he might be charged with it as an advancement, and the award of arbitrators to whom the matters were submitted and who found that such a debt existed, was subsequently set aside on the ground that the administrator of the estate was a necessary party ; *Held*, that the judgment in that action partitioning the land was not a bar to an action on the debt by the administrator.

2. Where, in a proceeding by an administrator to sell land for assets to pay debts, the heirs, who are necessary parties, allege a sufficiency of assets to pay the debts, or deny the existence or validity of the alleged debts, the court will not order a sale until these questions are determined.

3. In a proceeding to sell lands for assets, the heirs may plead the statute of limitations to any of the debts set up, and may also plead fraud and collusion between the administrator and creditor where the claims have been reduced to judgment.

3. Where an heir and alleged debtor of a decedent was found by arbitrators, to whom the matter had been submitted in an action for the partition of land, to be indebted to the estate and he procured such award to be set aside on the ground that the administrator of decedent was not a party ; *Held*, that he will not be allowed to set up the judgment in such partition proceedings as an estoppel against his debt when its validity is attacked in a proceeding to sell land for assets.

5. While it is now left, by the statute, to the discretion of an administrator whether or not he will plead the statute of limitations against a debt preferred against the estate, it is nevertheless his duty to act in good faith in that respect, and, if he fail to do so, he may be held responsible for his failure.

6. Section 164 of *The Code* is an enabling and not a restrictive statute ; it does not cut down the time given by the general statute for bringing actions but extends the time in the cases therein provided for.

PETITION for sale of land for assets to pay debts, commenced before the Superior Court of FRANKLIN county, transferred to Term on issues raised before the clerk, referred to W. B. Shaw, Esq., and heard on exceptions to the referee's report, before *McIver*, *J.*, at Fall Term, 1895, of said court. From a judgment directing a sale of the land by the administrator, the defendant, Speed, appealed. The facts appear in the opinion of the court.

*Mr. W. M. Person*, for plaintiff, administrator.

*Messrs. Shepherd & Barber* for defendant, Speed (appellant), and *Messrs. F. S. Spruill* and *J. B. Batchelor*, for defendant, Montgomery.

FURCHES, J.: This is a proceeding to sell and to pay debts and costs of administration. The defendants, Eva Speed and Maggie Speed, and their husbands, deny plaintiff's allegations that it is necessary to sell the lands of their intestate mother for the payment of debts and costs of administration. And they allege that the personal estate is sufficient for this purpose if properly and faithfully administered; and that their co-defendant Montgomery is indebted to the estate in a much larger amount than is sufficient to pay the debts and costs of administration.

The defendant Montgomery answers, admitting the allegations of the complaint—denies that he is indebted to said estate, alleges that the estate is indebted to him, and pleads the Statute of Limitations as to any debt that he may be owing to the estate. He also alleges that the land of the intestate had been divided between him and his co-defendants, under a proceeding for that purpose, and an order of court; and alleges that, if he was so indebted, it should have been, and in fact was, adjusted and settled in that proceeding. And he pleads the record in that proceeding as an estoppel and bar against his co-defendants and against the plaintiff.

Upon this state of the case, it was referred to W. B. Shaw, who took an account in the matter, and the case now stands upon pleadings, report of the referee, exceptions and judgment of the court thereon.

An administrator has a right to have land sold to pay debts and costs of administration where the personal assets are not sufficient (Code, Sec. 1436). The heirs must be made parties to a proceeding to sell land for assets, and where they deny that it is necessary to sell, or allege that there are sufficient personal assets if properly administered, or that the debts upon which it is asked that the land be sold are not due by the estate, the court will not order a sale until these questions are determined. And the usual course is to refer the matter, as was done in this case. This reference is not for the purpose of settling the estate, but for the purpose of informing the court whether it is necessary to sell the land for assets, and the *probable* amount that it will be necessary to raise out of the land.

In this proceeding, it being against the heirs and for the purpose of taking and converting their land to the payment of debts due by their ancestors, they are at liberty to show any personal estate that should be first made liable, and a solvent debt due the estate, that might be collected, is a part of the personal assets. They are also at liberty to dispute and contest the liability of their ancestor's estate to the debts for which their lands are sought to be sold; and even to plead the Statute of Limitations against the debts claimed to be due, unless they have been reduced to judgment. And if fraud and collusion can be shown between the administrator and the creditor, it may be pleaded where there has been judgment.

These defences have been allowed the heirs as a defence against the right to convert their land. But our attention has not been called to any case in a proceeding to sell land

for assets where the heir has pleaded the Statute of Limitations against his own debt due the estate. And still, as the defendant Montgomery is a party, and his co-defendants had alleged, specially, his indebtedness to the estate, as a reason why it is not necessary to sell the land, we do not say but what it was proper for him to plead the Statute of Limitations at that time if he intended to avail himself of that plea, if sued, so that the referee might pass upon it to see whether this indebtedness was available assets or not.

This is a very peculiar case. The allegations are, and the evidence tends to show, that defendant Montgomery was the agent of his intestate mother for many years in managing, renting and receiving the rent of her land; that in the proceedings to divide the land among the defendants in this proceeding, his sisters, who were the plaintiffs in that proceeding (and co-defendants in this) undertook to set up this indebtedness of defendant Montgomery, as to what they called an advancement, so as to thereby give them more land in the partition than Montgomery. That during the pendency of that proceeding (for partition) it was agreed by the parties to arbitrate the matter and their award to be a rule of court. The arbitrators so appointed took the matter into consideration and found the defendant Montgomery indebted to the intestate's estate $1,552.42 which they took into consideration in dividing the real estate between the two sisters and the brother, the defendant Montgomery. But when this award was returned to court it was set aside, upon the motion of defendant Montgomery, upon the ground that the arbitrators had exceeded their power in finding an indebtedness against him, when there had been no administration upon his mother's estate, and the arbitrators could find no indebtedness against him without an administrator was a party.

This award was set aside—whether rightfully or not, is not a matter for our consideration, and has but little to do with the case before us, and is mentioned to show that there was at least ground for the allegation that Montgomery was indebted to the estate, and for the further purpose of showing the nature of the proceeding, the record of which the defendant Mongtomery pleads as an estoppel of record—*res judicata*.

We fail to see any estoppel, and as the defendant Montgomery procured it to be set aside, because there was no administration and no administrator a party to the action, and the partition was made without considering this alleged indebtedness, it seems to us that he is estopped to set it up now. But be this as it may, we cannot allow it to work an estoppel as to the defendant Montgomery's debt, if he owed one.

The intestate had been dead three years, one month and nine days when the plaintiff administered. And it is claimed by defendant Montgomery that his agency terminated at the death of his mother. And whatever amount he may have been owing her on account of said agency became due at her death—the termination of the agency. And as more than three years have elapsed since her death and before suit brought—and in fact no suit has yet been brought by the administrator to enforce this debt—the same is barred by the lapse of time and the Statute of Limitations (Code, Sec. 164).

There seems to be a want of uniformity upon the construction of this section of The Code, which we will not undertake to reconcile. But we adopt the construction placed upon it in *Benson* v. *Bennett*, 112 N. C, 505. It is plain to us that it is an enabling and not a disabling statute, as is held in that case. That it was not intended by this section to cut down the time given by the general statute for

bringing actions, but to extend this time in the cases therein provided for. And if any of the decisions of this court are susceptible of the construction that it limits the time to one year from the death of the creditor, notwithstanding the general statute—as it is contended they do—such cases to this extent are overruled.

But as the agency terminated at the death of Mrs. Harris, the defendant's indebtedness on account of such agency became due at that time (if he was indebted to her as alleged). This was on the 10th of August, 1888, and no action has been brought to enforce this indebtedness, and the same is barred by the statute, if pleaded. And we are informed by his pleading it in this case that he would avail himself of that defence if the administrator had brought or should bring suit to enforce the same. And it not being alleged or shown that there are any other debts due the estate, except the $46 worth of personal property sold by the administrator and purchased by the defendant Montgomery, and for which the administrator is liable, it seems the plaintiff will be entitled to an order of sale, if the amounts found to be due by the estate are not paid without sale.

But the Speed defendants object to charging the estate with the Ballard account of $96, the Dr. Moss debt of $35, the Barrow debt of $58.50, the taxes for 1888, $38.40, and the funeral expenses of $85 paid by defendant Montgomery. They say that they appear to have been paid in 1888, soon after the death of Mrs. Harris. And although after the legal termination of his agency, they were paid while he had the crops grown upon her land or the proceeds of the same in his hands, arising out of his agency, for which he has never settled, and which he now says is out of date and cannot be collected. These facts appearing, the presumption is that he paid them out of money in

his hands belonging to his mother.   *Threadgill* v. *Commissioners*, 116 N. C., 616.   If he did not pay tthem out of money belonging to Mrs. Harris, but out of his own money, they were voluntarily and officiously made, and he cannot collect these debts out of the estate on that account, except the $85 paid for funeral expenses.

At the time this action was commenced the Statute required administrators to plead the Statute of Limitations against claims barred by the Statute. This act has been repealed, and properly so, as we think, and the law in this respect is left as it was before the passage of this act; that is, to the honest judgment and good faith of the administrator.   And if out of bad faith towards his estate he fails to plead the Statute when he should do so, he may make himself personally liable.   It may hereafter become a question as to whether the administrator is acting in good faith to his estate, where a party, apparently indebted to the estate, pleads the Statute of Limitations in bar of a recovery.   And the administrator allows the same party to recover debts against the estate that are barred by the Statute, without pleading the Statute or interposing any kind of objection.

For the reasons herein assigned, the report of the commissioner and the judgment of the court ordering a sale are set aside.   And no further order of sale will be made to pay any of the claims set up by defendant Montgomery until he has established the claims, alleged to be due him, by a judgment of court.   And in these actions by the defendant Montgomery to establish these claims the administrator will take a note of what we have said as to its being presumed that they were paid by the money of Mrs. Harris, but which Montgomery may rebut by competent evidence.   Also, as to what we have said as to there being officious payments (except as to the debt for funeral expenses)

and that he will not be able to recover on that account, unless he can show by competent testimony that they were not so paid. And the administrator will observe what we have said as to his duty as to the pleas of the Statute of Limitations. The report and judgment are set aside.

Error.

MONTGOMERY, J., being related to one of the parties, took no part in the decision of this case.