JOHN F. McNAIR v. W. H. COOPER, ADMINISTRATOR, AND THE HEIRS AT
LAW OF NEILL McNAIR, DECEASED.

(Filed 21 November, 1917.)

1. **Limitation of Actions—Statutes—Executors and Administrators—Frauds
—Heirs at Law.**

While the law invests an administrator with a certain discretion as to
pleading the statute of limitations, it is required of him that he act in
perfectly good faith, free from coercion, undue influence or collusion; and
where fraud and collusion are therein shown by and between him and a
creditor of the estate, the heirs at law may set aside the judgment accord-
ingly rendered and plead the state in their own behalf.

2. **Same—Evidence—Trials.**

Fraud may be inferred from the facts and circumstances established,
and evidence is sufficient upon the question of failure of an administrator
to plead the statute of limitations against a judgment rendered against
his intestate in the intestate's lifetime, in fraud and collusion with the
judgment creditor, which tends to show that the administrator was the
justice of the peace who rendered the judgment, and was then, and has
continued to be, directly and indirectly, in the employment of the judg-
ment creditor; that he permitted a judgment to be rendered against the
estate on the former judgment which could have been collected at any
time, at the suggestion of the plaintiff's attorney, a few hours after the
summons had been issued, without investigating as to payment, though
suggested by the justice of the peace at the time, and that he had assumed
the correctness of the plaintiff's statements in regard to the matter and
had not mentioned it to the heirs at law, which he could readily have
done, who did not have an administrator appointed because they had been
told by the intestate that he had no debts.

CIVIL ACTION, tried before *Webb, J.,* at March Term, 1917, of SCOT-
LAND, upon these issues:

1. Were the judgments rendered by S. W. Covington, J. P., and re-
ferred to in the complaint, rendered through fraud upon the part of the
defendant W. H. Cooper, or through collusion between the plaintiff and
said W. H. Cooper, administrator? Answer: No.

2. In what amount is the defendant W. H. Cooper, administrator,
indebted to plaintiff? Answer: Yes, in the amount set forth in the
complaint.

From the judgment rendered, the defendants Walter Leitch and others
appealed.

*G. B. Patterson and Cox & Dunn for plaintiffs.*
*McIntyre, Lawrence & Proctor for defendants.*

BROWN, J. The only assignment of error is directed to the charge of
the court upon the first issue—that there is no evidence of collusion, and
directing the jury to answer that issue "No."

This proceeding is brought to subject the lands of Neill McNair, deceased, to the payment of certain judgments obtained originally by plaintiff against said Neill McNair, and which were duly docketed in Superior Court on 24 October, 1898. No executions were issued and no homestead set apart. No effort was made to collect the judgments until after death of Neill McNair in 1914. On 25 September, 1915, the defendant W. H. Cooper was duly appointed administrator of Neill McNair. Thereupon on same day plaintiff instituted actions before a justice of the peace on said judgments against said administrator and obtained judgments. No answer was filed and no defense was interposed. On 12 July, 1916, this proceeding was instituted against the administrator and heirs at law of Neill McNair to sell the lands of the deceased to pay the judgments. The defendants, heirs at law, in their answer, aver that said judgments are barred by statute of limitations, and that the administrator failed to plead same, as it was his duty to do, by reason of fraudulent collusion with plaintiff.

We are of opinion that the court erred in directing a verdict for plaintiff as there are facts and circumstances in evidence sufficiently strong in probative force to carry the case to the jury.

It is well settled in this State that the heirs at law may attack any claim allowed by an administrator, even if reduced to judgment, if it can be shown that the judgment was rendered through fraud and collusion between the plaintiff and the administrator.

In *Proctor v. Proctor,* 105 N. C., 224, it was said: "The question thus left open was decided in *Speer v. James,* 94 N. C., 417. . . . It is there held that the heir is bound by the judgment against the administrator unless he can show that it was obtained by collusion and fraud."

In *Person v. Montgomery,* 120 N. C., 111, it was said: "They (the heirs at law) are also at liberty to dispute and contest the liability of their ancestor's estate to the debts for which his lands are sought to be sold, *and even to plead the statute of limitations* against the debts claimed to be due unless they have been reduced to judgment; and if fraud and collusion can be shown between the administrator and creditor, it may be pleaded where there has been judgment."

In *Best v. Best,* 161 N. C., 516, it was said: "When the claim is evidenced by a subsisting judgment against the administrator, the heir is concluded as to its validity unless the judgment can be successfully assailed on the ground of fraud and collusion or 'collusive fraud,' as expressed in some of the cases. This position, as laid down in *Speer v. James,* 94 N. C., 417, correcting an erroneous impression to the contrary which had been made by *Bevers v. Park,* 86 N. C., 588, has been again and again affirmed by this Court and may be taken as accepted law with us. *Lee v. McKoy,* 118 N. C., 518; *Byrd v. Byrd,* 117 N. C.,

523; *Smith v. Brown*, 99 N. C., 377." To the same effect are: *Tremble v. Jones*, 7 N. C., 579; *Long v. Oxford*, 108 N. C., 280; *Tilley v. Brown*, 112 N. C., 348.

While an administrator is invested with a certain discretion as to whether he will plead the statute of limitations, the law requires that he act in perfectly good faith and free from coercion, undue influence, or collusion. *Pate v. Oliver*, 104 N. C., 458; *Williams v. Maitland*, 36 N. C., 92.

There is evidence that defendant Cooper, as a justice of the peace, rendered the judgments obtained in 1898, and that at that time he was clerk and bookkeeper for plaintiff. He qualified as administrator in 1915 at the request of plaintiff's attorneys. The administration bond was executed by plaintiff's son and bookkeeper. At that time and since Cooper has been cashier of a bank in Laurinburg controlled and practically owned by the plaintiff. The judgments were rendered against Cooper as administrator within a few hours after his qualification and without the knowledge of the heirs at law who resided in Laurinburg and were well known to Cooper as well as plaintiff.

The administrator made no investigation whatever to ascertain whether the old judgments had ever been paid. Summonses were served upon the administrator about 1 o'clock, returnable at 3 o'clock. The administrator appeared before the magistrate, where he met the attorneys for plaintiff. The only investigation made by the administrator was to look at the complaints. He did not even ask the plaintiff if the judgments had ever been paid or were still due. On the trial below, the administrator testified that he made no investigation because the complaints filed by plaintiff before the magistrate were sworn to by the plaintiff, and that he took his word, but an inspection of the original complaints which were offered in evidence disclosed the fact that the complaints were not only not sworn to, but were not even signed by John F. McNair.

The justice of the peace offered to give Cooper time to look into the matter if he desired, but he did not request it. He knew the judgments were barred by the statute, as he had rendered them himself in 1898 when he was a justice of the peace. Cooper, also, knew the condition of Neill McNair, and that the judgments could have been collected at any time before they were barred. He made no defense to the actions and never mentioned them to the heirs at law, although he saw some of them frequently. Afterwards, when reproached by one of them, he said he did just what the lawyers asked him to do. There is evidence that the heirs at law made no effort to have an administrator appointed because Neill McNair told them not long before he died that he did not owe any debts.

The nature of fraud is such that it can seldom be established by direct positive proof. In order to establish it, it is not necessary that

direct affirmative or positive proof be given. In matters that regard the conduct of men the certainty of mathematical demonstration cannot be required. Like much of human knowledge, fraud may be inferred from facts and circumstances established. This means no more than that the proof must create a belief and not merely a suspicion. *Perry v. Ins. Co.,* 137 N. C., 404.

There is ample evidence in this record from which an impartial and prudent administrator would have been justified in concluding that the judgments had long since been paid. In such case it would be his moral duty to protect the estate by interposing the statute of limitations. It is not a nefarious plea, but frequently a just and beneficent one. While lapse of time may destroy the evidence of payment and death may claim those by whom it can be proved, nevertheless, as compensation, the law wisely raises a legal barrier which renders such evidence no longer necessary. That barrier the heirs at law have interposed in this case. If they have been denied the protection of it by reason of collusion or coercive influence, they can still have the benefit of it.

Upon the evidence, the judge should have submitted the issue to the jury under proper instructions.

New trial.