GEORGE A. TWIDDY, ADMR. OF STEPHEN MULLEN, v. PETER MULLEN ET ALS.

(Filed 11 September, 1918.)

1. **Executors and Administrators—Limitation of Actions—Pleas—Fraud—Collusion.**

The administrator, in failing to plead the statute of limitations in favor of the heirs at law, must act in perfectly good faith, free from coercion or undue influence, and upon full and diligent investigation as to the *bona fides* or validity of the debt presented to him; and if he has been guilty of such gross negligence as to indicate that he has utterly disregarded the rights of the heirs in favor of the creditor, it amounts to collusion and fraud in law, entitling the heirs to relief against the judgment obtained in consequence.

2. **Same—Evidence—Trials—Questions for Jury.**

Where an administrator, who is the choice of the judgment creditor, and the latter's brother is on his administration bond, fails to plead the statute of limitations on an old and out-of-date note of the intestate, and judgment has been obtained without pleadings filed on the day after the administrator was appointed, and suit had been brought on this note in the intestate's lifetime, with nothing to show its termination, it is sufficient evidence to set aside the judgment, in favor of the heirs at law, upon the ground of collusion, and fraud, between the administrator and the creditor.

3. **Executors and Administrators—Limitation of Actions—Pleas.**

The plea of the statute of limitations by an administrator is frequently a just plea to protect the decedent's estate from unjust demands, when time has destroyed the evidence.

SPECIAL PROCEEDING, tried before *Whedbee, J.,* at June Special Term, 1917, of PASQUOTANK, upon this issue:

1. Was the judgment of J. C. Small against George A. Twiddy, administrator of Stephen Mullen, rendered through fraud upon the part of the plaintiff, George A. Twiddy, administrator, or through collusion between the plaintiff and J. C. Small? Answer: No.

The court charged the jury: "If you believe the entire evidence in this case, you will answer the first issue 'No.'" Defendants excepted and appealed.

*Ehringhaus & Small for plaintiffs.*
*Aydlett, Simpson & Sawyer for defendants.*

BROWN, J.  In the recent case of *McNair v. Cooper*, 174 N. C., 566, we said that "While the law invests an administrator with a certain discretion as to pleading the statute of limitations, it is required of him that he act in perfectly good faith, free from coercion, undue influence, or collusion; and where fraud and collusion are therein shown by and between him and a creditor of the estate, the heirs at law may set aside the judgment accordingly rendered and plead the statute in their own behalf."  We think the learned judge erred in holding that there is no evidence of collusion.

The administrator, Twiddy, was sought out by the creditor and requested to qualify as administrator of the debtor, Stephen Mullen, and the brother of the creditor signed the administration bond.  The action on the note was brought the day after the administrator qualified, and judgment rendered against the administrator establishing the debt, as no pleas were interposed.  The administrator was not present, gave no notice whatever to the heirs at law, and evidently had no time to make any investigation as to the validity of the debt and whether paid or not.  There is evidence that Stephen Mullen died two years ago, and that during his life Small brought suit against him on this note.  There is no evidence that said plaintiff recovered a judgment.  The note was given to plaintiff's father twenty years ago, and plaintiff took it as part of his estate.  There are a few other facts and circumstances that it is unnecessary to recite, as they are not very important.

It is not necessary that the administrator be guilty of great moral turpitude.  If he is guilty of such gross negligence as to indicate that he has utterly disregarded the just rights of the heirs in favor of the creditor, it amounts to collusion and fraud in law, and the heirs may obtain relief.

If the administrator fails to act in perfectly good faith and free from coercion or undue influence, the aggrieved heirs will be afforded relief. *Pate v. Oliver*, 104 N. C., 458; *Williams v. Maitland*, 36 N. C., 92.

It is the duty of an administrator to make a full and diligent investigation as to the *bona fides* and validity of each debt presented against the estate of the intestate.  If he does so, and acts in perfect good faith, and honestly concludes that he ought not to plead the statute of limitations, his conclusion is final.  If he fails in such duty, the heirs will be afforded relief.

The statute of limitations is not an ignominous plea.  It is frequently a just plea, and is intended to protect estates from unjust demands when time has destroyed the evidence that would protect them.

There is evidence in this case tending to prove that the administrator failed in the duty the law imposed on him.

The issue should have been submitted to the determination of the jury under proper instructions.

New trial.