JAMES J. COLEMAN v. A. H. VANN ET AL.

(Filed 22 November, 1933.)

1. **Judgments K f: Wills F i—Judgment against executor may not be attacked collaterally by him or by devisees in absence of allegations of fraud.**

An executor may not collaterally attack a judgment rendered against him in his representative capacity by setting up matters concluded in the judgment in the creditor's subsequent action in the nature of a creditor's bill, nor may the devisees of the testator collaterally attack the judgment in such action in the absence of allegations of fraud and collusion.

2. **Pleadings I a—**

Where defendants' answer alleges matters in defense which had been determined and precluded by a judgment against them or their privy, a motion to strike out such allegations is properly allowed.

APPEAL by defendants from *Cranmer, J.,* at Chambers, in the town of Louisburg, N. C., on 23 May, 1933. Affirmed.

This is an action in the nature of a creditor's bill to compel the defendants, executors of S. C. Vann, deceased, to sell the lands of their testator, which were devised by his last will and testament, to their co-defendants, to make assets for the payment of a judgment recovered by the plaintiff of said executors in the Superior Court of Franklin County, for the sum of $2,500, with interest and costs.

The action was heard on the motion of the plaintiff that certain paragraphs of the answer filed by the defendants to the complaint be stricken therefrom, on the ground that the allegations in said paragraph do not constitute defenses to the action, but are sham, irrelevant and frivolous pleading.

The motion was allowed, and the defendants appealed from the order striking the said paragraphs from the answer.

*Simms & Simms and W. L. Lumpkin for plaintiff.*
*G. M. Beam and J. H. Bridgers for defendants.*

CONNOR, J. The defenses set up in the paragraphs of the answer, which have been stricken therefrom, are not available to the defendants in this action.

The judgment recovered by the plaintiff against the defendants, executors of S. C. Vann, deceased, is conclusive upon them, and cannot be attacked by them collaterally, in this action. The executors are precluded by the judgment as to all matters alleged in said paragraphs as defenses to this action.

In the absence of allegations in their answer to the effect that the judgment was recovered by the plaintiff of the executors of S. C. Vann, deceased, by fraud and collusion between them, the defendants, devisees of the said S. C. Vann, deceased, are also bound by the judgment. The said devisees cannot in this action avail themselves as against the plaintiff, of the defenses set up in said paragraphs, without alleging that the judgment was procured by reason of fraudulent collusion between the plaintiff and the executors. For obvious reasons, the answer contains no such allegations. The motion of the defendants first made in this Court that they be allowed to amend their answer is denied. The proposed amendments, if allowed, would not avail the defendants in this respect.

In *Best v. Best,* 161 N. C., 513, 77 S. E., 762, it is said: "It is now very generally understood that on a petition to sell land for assets, the heirs, in protection of the real estate, may plead the statute of limitations whenever such plea would be available to the executor or administrator in protection of the personalty; but, when the claim is evidenced by a subsisting judgment against the executor or administrator, the heir is concluded as to its validity, unless the judgment can be successfully assailed on the ground of fraud and collusion, or collusive fraud, as expressed in some of the cases."

In *McNair v. Cooper,* 174 N. C., 566, 94 S. E., 98, it is said to be well settled in this State that the heirs at law may attack any claim allowed by an administrator, even if reduced to judgment, if it can be shown that the judgment was rendered through fraud and collusion between the plaintiff and the administrator. This principle is applicable in the instant case. The order is

Affirmed.