GEORGE W. SHIPP TRAVEL AGENCY, INCORPORATED v. NANCY W. DUNN, WARD W. DUNN, JR., CAROLYN BENNETT AND ALADDIN TRAVEL SERVICE, INCORPORATED

No. 7421SC82

(Filed 20 February 1974)

1. Rules of Civil Procedure § 33— burdensome interrogatories — objections properly sustained

Where some interrogatories submitted to defendants by plaintiff were quite broad and other interrogatories dealt with matters completely irrelevant to the matter at hand, the trial court acted within its discretion in sustaining defendants' objections to the interrogatories.

2. Rules of Civil Procedure §§ 33, 56— objections to interrogatories — ruling amounting to summary judgment — error

In a motion for an order merely limiting the scope of discovery by declaring certain interrogatories too broad and burdensome to be answered, it is improper for a trial court to make findings of fact and conclusions of law which are not limited to the nature of the particular motion before the trial court at that time and which in essence grant summary judgment without a proper hearing; therefore, that portion of the trial court's order which went beyond a finding that plaintiff's interrogatories were burdensome and concluded that defendants have the right to compete with plaintiff and to use any information obtained during their employment with plaintiff is vacated.

APPEAL by plaintiff from *Wood, Judge,* at the 23 July 1973 Session of FORSYTH Superior Court.

This is a civil action to restrain the defendants, two of whom were former employees of plaintiff travel agency who have set up their own travel agency, from dealing with any of plaintiff's clients, from receiving any commissions from plaintiff's clients, and also to recover compensatory and punitive damages. Plaintiff's application for a temporary restraining order was denied by Judge Wood in an order issued 22 June 1973. Plaintiff then served interrogatories upon defendants to which the defendants objected, moved to strike and asked the trial court to excuse them from answering said interrogatories pursuant to G.S. 1A-1, Rule 33. From an order dated 21 August 1973 granting defendants' motion and making extensive findings of fact and conclusions of law, the plaintiff appealed.

*Randolph & Randolph by Clyde C. Randolph, Jr., for the plaintiff appellant.*

*Hatfield and Allman by R. Bradford Leggett for the defendant appellees.*

CAMPBELL, Judge.

The order of the trial court reads:

"THIS MATTER, coming on to be heard before the undersigned judge presiding upon the objections by the defendants made pursuant to N.C. G.S. Section 1A-1, Rule 33, to certain of the interrogatories filed by the plaintiff on June 22, 1973, and the court having considered the interrogatories, the timely objections made thereto, and the argument of counsel, and the court having taken judicial notice of the proceedings in reference to the plaintiff's motion for a preliminary injunction and the order entered thereon by the undersigned judge presiding on June 22, 1973, the court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. The individual defendants, Nancy Dunn and Carolyn Bennett, were former employees of the plaintiff and in the course of that employment made arrangements for clients in regard to reservations for travel accommodations and transportation.

2. The defendants, Nancy Dunn and Carolyn Bennett at no time entered into a contract not to compete with the plaintiff.

3. The individual defendants left the employ of the plaintiff: Carolyn Bennett on March 16, 1973, and Nancy Dunn on April 3, 1973.

4. On March 22, 1973, the defendant, Nancy W. Dunn, informed the plaintiff that she desired to resign and informed the plaintiff of her intentions in regard to starting another travel agency as is more particularly set forth in Paragraph 5, *infra*. The plaintiff requested that she stay an additional two weeks and Nancy Dunn did so.

5. On March 26, 1973, the defendant Aladdin Travel Service was formed and Carolyn Bennett began to work for same. The defendants Nancy Dunn and Ward Dunn are officers, directors, and shareholders of the defendant Aladdin Travel Service, Incorporated.

6. Since the defendant Aladdin Travel Service, Incorporated has begun business, certain clients of the plaintiff

have transferred or had transferred their business from the plaintiff to the defendants. Included in this business are certain trips of which part or substantially all the work was done by the defendants, Nancy W. Dunn and Carolyn Bennett while they were employed by the plaintiff.

7. On June 22, 1973, the plaintiff, pursuant to N. C. G.S. Section 1A-1, Rule 33, submitted interrogatories to the defendants. On June 29, 1973, the defendants filed objections to the aforesaid interrogatories and objections thereto are incorporated herein by reference as though set out fully.

### CONCLUSIONS OF LAW

1. The aforesaid interrogatories numbers 1 through 4 are not reasonably calculated to lead to the discovery of admissible evidence and they are furthermore extremely general in nature. To require the defendants to answer the same would be burdensome.

2. The defendants are entitled to solicit future business from clients with whom they had contact while employed by the plaintiff, there being no written contract not to compete made between the individual defendants, Nancy Dunn and Carolyn Bennett, and the plaintiff.

3. The defendants have a right to take with them any information which was obtained while they were employed by the plaintiff which they could retain in their memories. While using this information, they may construct their own mailing list and formulate methods of contacting members of the general public, including former clients of the plaintiff, in order to solicit future business. Interrogatories numbers 1 through 4 are general in nature and delve into areas which are not within the proper scope of the present lawsuit.

4. Interrogatories numbers 6 through 10 relate to the financial situation of the corporate defendant, and in particular the financial relationship between the corporate defendant and the individual defendant, Ward W. Dunn, Jr. The court concludes that these questions are not reasonably calculated to lead to the discovery of admissible evidence.

ACCORDINGLY, IT IS ORDERED that the defendants' objections to the plaintiff's Interrogatories Nos. 1 through 4 and 6 through 10 be, and the same hereby are, sustained.

This the 17th day of August, 1973.

s/ WILLIAM Z. WOOD
Judge Presiding"

[1] The trial court acts within its discretion in making and refusing discovery orders. See generally G.S. 1A-1, Rule 33; Wright and Miller, Federal Practice and Procedure § 2176 (1970). The interrogatories submitted by the plaintiff were quite broad in some instances and in other instances dealt with matters completely irrelevant to the matter at hand. The order of the trial court as it pertains to the interrogatories is affirmed.

[2] Any questions as to whether this appeal is interlocutory and should be raised by certiorari rather than appeal will not be discussed since paragraphs 2 and 3 of the Conclusions of Law contained in the trial court's order in effect terminated the proceedings and gave a summary judgment for the defendants. See G.S. 1-277(a). See also Burns, Use of Discovery Under North Carolina Rules of Civil Procedure, §§ 13-1 and 13-2 (1971). In a motion for an order merely limiting the scope of discovery by declaring certain interrogatories too broad and burdensome to be answered, it is improper for a trial court to make findings of fact and conclusions of law which are not limited to the nature of the particular motion before the trial court at that time, and which in essence grant summary judgment without a proper hearing. G.S. 1A-1, Rule 56.

The portion of the trial court's order which goes beyond a finding that the interrogatories requested are burdensome and which concludes that defendants have the right to compete with the plaintiff and to use any information obtained during their employment with plaintiff is vacated.

Affirmed in part.

Reversed in part.

Judges HEDRICK and BALEY concur.