BILL HOLCOMB, ADMINISTRATOR OF THE ESTATE OF IDA S. HEMRIC, DECEASED v. HAZEL HEMRIC; CHARLES HEMRIC AND WIFE, MINNIE HEMRIC; KATHLEEN H. WAGONER AND HUSBAND, WILMOTH GRAY WAGONER; JUDY ANN H. GROCE AND HUSBAND, ALVIS GRAY GROCE

No. 8123SC654

(Filed 6 April 1982)

1. **Executors and Administrators § 19— services rendered decedent—award by arbitrators—setting aside for fraud and collusion—counterclaim to petition to sell realty**

An award of arbitrators for personal services rendered to decedent could be set aside upon a showing of fraud or collusion, and respondent heirs could properly raise the issue of the validity of the award by a counterclaim to a petition by the administrator to sell realty to make assets to pay debts of the estate. Furthermore, an issue of fact as to the propriety of the arbitrators' award was raised by the pleadings and should have been decided by a superior court judge rather than by the clerk.

2. **Rules of Civil Procedure § 33— interrogatories to arbitrators**

Interrogatories were improperly served on arbitrators who were not parties to the action. G.S. 1A-1, Rule 33.

APPEAL by respondents from *Lamm, Judge.* Order signed 23 April 1981 in Superior Court, YADKIN County. Heard in the Court of Appeals 2 March 1982.

Prior to her death in 1978, Ida S. Hemric was completely bedridden and required constant and intensive care. Claimants, Hazel Hemric and Jerry Reece, provided that care for the three years preceding her death. By agreement between the administrator of the estate and the claimants, the question of the debt of the estate, if any, for the personal services rendered to the deceased was referred to arbitration. The arbitrators decided in favor of the claimants, awarding $49,253.00 to Hazel Hemric and $41,850.90 to Jerry Reece.

Bill Holcomb, the administrator, determined that the estate had insufficient personal property with which to pay the debts and costs of the administration of the estate. Pursuant to article 17 of chapter 28A and article 29A of chapter 1 of the General Statutes of North Carolina, he petitioned the court to authorize the sale of the estate's real property.

The decedent died intestate, leaving surviving her a daughter (the claimant Hazel Hemric) and the lineal descendants of her deceased son, to-wit: Charles Hemric, Kathleen Wagoner, and Judy Groce. In response to the administrator's petition, the

lineal descendants filed an answer and counterclaim alleging fraud and collusion by and between the administrator, the claimants, and the arbitrators, and asking that the awards be set aside and that a hearing be conducted to determine the validity of any claims against the estate.

The administrator and the claimant Hazel Hemric filed replies to the counterclaim and moved to dismiss the counterclaim. Thereafter, interrogatories to petitioner were served on the administrator, the claimants, and the arbitrators. Hazel Hemric objected to the interrogatories on the ground that she was a named respondent. The arbitrators objected under Rule 33 of the North Carolina Rules of Civil Procedure because they were not parties to the proceeding.

The Clerk of Superior Court of Yadkin County, at a hearing held 19 December 1980, determined that respondents had failed to offer any evidence of fraud or collusion; that the petition to sell the real estate should be granted; that respondents' counterclaim should be dismissed; and that their motion to compel answers to interrogatories should be denied.

The matter was brought before Judge Lamm, who affirmed the order of the clerk as follows:

> This Court, after having considered the pleadings herein, the Order entered by The Honorable Harold J. Long, and having heard argument of counsel for both the Petitioner and Respondents, is of the opinion that the Respondents are procedurally in error in filing an Answer and Counterclaim to the Petition for Sale of Realty and that the Order entered by The Honorable Harold J. Long should be affirmed in its entirety. The Court allows the Respondents thirty (30) days from April 22, 1981 to institute a new action.

Claimants, Hazel Hemric and Jerry Reece, appeal that portion of the judge's order allowing respondents thirty days to institute a new action.

Charles and Minnie Hemric, Kathleen and Wilmoth Wagoner, and Judy and Alvis Groce (hereinafter referred to as respondents) appeal the dismissal of their counterclaim and the denial of their motion to compel answers to interrogatories.

*Everett & Everett, by James A. Everett and Lucy C. Everett, for claimant appellants.*

*Franklin Smith for respondent appellants.*

MARTIN (Harry C.), Judge.

We begin our analysis of this case with a statement of the applicable law as found in the pertinent statutes and cases construing them.

N.C.G.S. 28A-19-15 provides the mechanism by which a disputed claim against a decedent's estate may be referred. The finding of the arbitrators under this section is equivalent to a judgment, but "may be impeached in any proceeding against the personal representative" for fraud or collusion. *See In re Estate of Reynolds,* 221 N.C. 449, 20 S.E. 2d 348 (1942); *Lassiter v. Upchurch,* 107 N.C. 411, 12 S.E. 63 (1890).

Under N.C.G.S. 28A-17-1, the personal representative may "apply to the clerk of superior court of the county where the decedent's real property . . . is situated, by petition, to sell such real property for the payment of debts and other claims against the decedent's estate." Although the proceeding to sell land under this section is a special proceeding before the clerk, if equities are involved over which the superior court acquires jurisdiction, it will determine the whole matter. *See Baker v. Carter,* 127 N.C. 92, 37 S.E. 81 (1900). *See also Wadford v. Davis,* 192 N.C. 484, 135 S.E. 353 (1926) (if pleadings raise an issue of fact, it can be tried by a jury); *McNair v. Cooper,* 174 N.C. 566, 94 S.E. 98 (1917) (upon ample evidence in the record, issue of fraud was submitted to the jury). Moreover, although the heirs are concluded by a judgment previously obtained for the debt and may not plead any defense which could have been, but was not, pleaded by the representative, this rule does not apply where fraud or collusion can be shown. *See Person v. Montgomery,* 120 N.C. 111, 26 S.E. 645 (1897); *Tilley v. Bivins,* 112 N.C. 348, 16 S.E. 759 (1893).

*Person* involved a proceeding to sell and pay the debts and costs of administration. The defendants denied that it was necessary to sell the lands, alleging that the personal estate was sufficient to pay the debts if properly and faithfully administered. The Court held that

Holcomb v. Hemric

[t]he heirs must be made parties to a proceeding to sell land for assets, and where they deny that it is necessary to sell, or allege that there are sufficient personal assets if properly administered, or that the debts upon which it is asked that the land be sold are not due by the estate, the Court will not order a sale until these questions are determined. . . .

. . . And if fraud and collusion can be shown between the administrator and the creditor, it may be pleaded where there has been judgment.

120 N.C. at 113, 26 S.E. at 646.

[1]  Based on the foregoing, we first conclude that the award of the arbitrators in the case sub judice may be set aside upon a showing of fraud or collusion. Respondents properly raised the issue of the validity of the award by counterclaim under N.C.G.S. 28A-17-1. The heirs should be given the opportunity to resist and prevent the land from being applied to the payment of a debt which they allege was wrongfully obtained. Finally, the pleadings raised an issue of fact—the propriety of the arbitrators' award—and the matter was not one properly before the clerk for determination.

Thus, the trial court erred in both affirming the clerk's order and in concluding that "respondents are procedurally in error in filing an Answer and Counterclaim to the Petition for Sale of Realty."

Because we hold that respondents are entitled to be heard before a superior court judge on the issues raised in their counterclaim, we must address their second assignment of error relating to interrogatories submitted to the petitioner, the claimants, and the arbitrators.

[2]  N.C.R. Civ. P. 33 states that "[a]ny party may serve upon any other party written interrogatories to be answered by the party served. . . ." Thus interrogatories were improperly served on the arbitrators. They are not parties to this action. We also note that the trial court acts within its discretion in making and refusing discovery orders. *Travel Agency v. Dunn,* 20 N.C. App. 706, 202 S.E. 2d 812, *cert. denied,* 285 N.C. 237 (1974).

Reversed.

Judges MARTIN (Robert M.) and WHICHARD concur.