JIMMY BERNARD GREEN, BY HIS GUARDIAN *AD LITEM*, BARBARA ANN GREEN, AND JAMES VERNON GREEN AND WIFE, BARBARA ANN GREEN v. A. KELLY MANESS, JR.

No. 8218SC944

(Filed 3 July 1984)

**1. Judges § 2— special judge—judgment signed out of session**

A special judge enjoys the power and authority of a regular judge only during the session of court in that county in which the special judge is duly appointed to hold court, G.S. 7A-45(c), and a judgment signed by a special judge out of session without the consent of the parties is void.

**2. Appeal and Error § 26— assignment of error to signing of judgment**

Assigning error to the signing of a judgment presents only the question of whether an error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment and whether the judgment is regular in form.

**3. Judges § 2— special judge—judgment out of session—waiver of objection**

Defendant waived objection to a judgment as having been signed by a special judge out of session without his consent when he participated in negotiations concerning the contents of the judgment after the expiration of the session.

**4. Physicians, Surgeons, and Allied Professions § 12.1— malpractice action—obstructing trial preparation—sufficiency of evidence**

In a medical malpractice action, the evidence supported the trial court's findings that defendant attempted to insulate plaintiffs from medical testimony and to obstruct their trial preparation.

**5. Rules of Civil Procedure § 26— deposing expert witness without court order**

A doctor who had served as a consulting physician in the treatment of the minor plaintiff and who had supervised the performance of two medical procedures on the child was "an actor or viewer with respect to the transactions or occurrences" upon which plaintiffs based their action and thus could be deposed as an ordinary witness without a court order although defendant had designated the doctor as an expert witness for the defense. G.S. 1A-1, Rule 26(b)(4)(a)(2).

**6. Rules of Civil Procedure § 26— right to limit deposition testimony of expert**

If defendant had any right to limit the deposition testimony of a doctor whom he had designated as an expert, this right would have been enforceable only by objection during the deposition if plaintiff's counsel had asked questions dealing directly with the doctor's expert opinions rather than with facts known to the doctor.

**7. Rules of Civil Procedure § 26— allowance of further discovery by deposition**

The trial court acted within its discretion in allowing further discovery by oral deposition of defendant's expert witnesses where defendant responded to plaintiffs' interrogatories concerning testimony to be given by the experts with the same standardized statement for each of its experts.

**8. Rules of Civil Procedure § 37— denial of protective order—allowance of motion to compel discovery—award of expenses**

The taxing of court costs, attorney fees and other reasonable expenses against defendant was proper under G.S. 1A-1, Rule 26(c) because defendant's motion to quash a notice of deposition and his motion for a protective order were denied, and the award of expenses was also appropriate under G.S. 1A-1, Rule 37(a)(4) because plaintiffs' motion to compel discovery was allowed.

APPEAL by defendant from *Lane, Judge.* Judgment entered 13 August 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 2 April 1984.

This is an action for medical malpractice brought against defendant, an obstetrician, for negligent acts and omissions connected with the delivery and birth of minor plaintiff, the second of twins born to plaintiff Barbara Green on 2 August 1974. The complaint alleges that minor plaintiff suffers from permanent brain damage caused by defendant's negligence. This appeal arises out of alleged errors in an order entered during discovery. The original attempt of defendant to appeal this order was dismissed by this Court apparently as a premature appeal from an interlocutory order. At trial the jury returned a verdict for the defendant, and plaintiffs are separately appealing that judgment.

The background events connected with this appeal are as follows: In April 1976, before this action was instituted, plaintiffs' attorneys conferred with Dr. Robert G. Dillard about the Jimmy Green case. Although he was not an attending physician at minor plaintiff's birth, Dr. Dillard, a pediatrician with a subspecialty in neonatology, was called in as a consulting physician several days after the birth. Dr. Dillard examined the child and wrote a report based on his examination, in which he concluded that Jimmy Green had suffered from a lack of oxygen during the delivery process. Dr. Dillard also supervised the performance of two subdural taps on minor plaintiff, a procedure to diagnose the presence or absence of blood in the space beneath the bones of the skull. Dr. Dillard also discussed the delivery with plaintiff

Barbara Ann Green prior to the minor plaintiff's discharge from the hospital.

After the initial contact with Dr. Dillard, plaintiffs' counsel continued to communicate with him; at one point Dr. Dillard wrote plaintiffs' counsel a letter reiterating his opinion that significant birth asphyxia resulted in the problems subsequently suffered by minor plaintiff. Dr. Dillard recommended that plaintiffs' attorney consult with Dr. John A. Fishburne, an obstetrician associated with the Bowman Gray School of Medicine in Winston-Salem. Plaintiffs' attorney in fact contacted Dr. Fishburne on a fee basis, showing him the pertinent medical records and discussing plaintiffs' case with him.

This lawsuit was filed 3 December 1979. The developments leading up to the entry of Judge Lane's order are best summarized chronologically:

27 December 1979: Defendant serves interrogatories on plaintiffs.

15 January 1980: Defendant's attorney contacts Dr. Dillard about the possibility of serving as expert witness for the defense.

29 January 1980: Meeting held at Forsyth Memorial Hospital in Winston-Salem. Counsel for defendant, Dr. Dillard, Dr. Fishburne, and others attend this meeting. Dr. Dillard agrees to serve as expert witness for defense.

30 January 1980: Plaintiffs answer defendant's interrogatories. Plaintiffs list neither Dr. Dillard nor Dr. Fishburne as an expert witness.

4 February 1980: Plaintiffs serve interrogatories on defendant.

25 February 1980: Defendant answers plaintiffs' interrogatories. Both Dr. Dillard and Dr. Fishburne are listed as expert witnesses.

4 April 1980: Plaintiffs file notice to take deposition of Dr. Dillard.

4 April 1980: Defendant files "Motion to Quash Notice of Deposition and Motion for a Protective Order."

5 May 1980: Plaintiffs file "Motion to Compel Discovery and to Authorize Plaintiffs to Depose Persons Listed by Defendants as 'Experts' without Expense to Plaintiffs."

A hearing on defendant's motion to quash and plaintiffs' motion to compel was held on 19 June 1980. (Although the transcript of the hearing indicates other motions of the parties were originally involved, these motions were apparently resolved by the parties and are not treated in Judge Lane's order.) From the order resulting from the hearing, defendant appeals.

*Tuggle, Duggins, Meschan, Thornton & Elrod, P.A., by Joseph E. Elrod, III, for defendant appellant.*

*Clark & Wharton, by David M. Clark, for plaintiff appellees.*

VAUGHN, Chief Judge.

[1] Defendant first argues that Judge Lane's order is void because it was signed out-of-session over defendant's objection. Judge Lane presided as a special judge over a one-week civil session of Guilford County Superior Court, beginning 16 June 1980. The hearing in this case was held on 19 June 1980, and the order was not signed until 13 August 1980 and filed the following day. It is true that a special judge enjoys the power and authority of a regular judge only during the session of court in that county in which the special judge is duly appointed to hold court, G.S. 7A-45(c), and that a judgment signed by a special judge out-of-session without the consent of the parties is void. *Taylor v. Triangle Porsche-Audi, Inc.,* 27 N.C. App. 711, 716, 220 S.E. 2d 806, 810 (1975), *review denied,* 289 N.C. 619, 223 S.E. 2d 396 (1976). However, to the extent defendant preserved his right to argue the question on appeal of whether the judgment was validly signed out-of-session, we find no error.

Rule 10 of the North Carolina Rules of Appellate Procedure governs the scope of review on appeal. In order to preserve a question for this Court's consideration, the appellant must make properly taken exceptions the basis of an assignment of error. Rule 10, N.C. Rules App. Proc. The assignment of error upon which defendant bases his argument that Judge Lane's order was signed out-of-session or otherwise without authority states: "The trial court erred in granting the plaintiffs' motion to compel

discovery and in signing and entering the order granting plaintiffs' motion."

[2]   Assigning error to the signing of a judgment presents only the question of whether an error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment and whether the judgment is regular in form. *Church v. Church*, 27 N.C. App. 127, 218 S.E. 2d 223, *cert. denied*, 288 N.C. 730, 220 S.E. 2d 350 (1975). *Accord, State v. Braxton*, 294 N.C. 446, 242 S.E. 2d 769 (1978) (court review for this type of assignment of error limited to consideration of the record proper). The record before this Court contains no evidence that the order was signed out-of-session without the consent of the parties.

[3]   We note, however, that even if defendant's assignment of error had been more specifically framed to reflect his position that the judgment was signed out-of-session and without consent, enabling us to consider all materials before us and not just the record proper, defendant still would not prevail. Although defendant objected at the hearing to the judgment being signed out-of-session, defendant subsequently participated in negotiations surrounding the contents of the judgment after the expiration of the session without further objection. In particular, defendant sent a letter dated 25 June 1980 to Judge Lane, discussing the contents of a proposed order tendered by plaintiffs' attorney and also urging the trial court to reconsider its award of expenses. By this action defendant waived any objection he might have made to the judgment being signed out-of-session. We hold that under the circumstances, the order signed on 13 August 1980 by Judge Lane was valid.

[4]   Defendant next assigns error to several related findings of fact in Judge Lane's order, namely, the finding that defendant generally attempted to insulate plaintiffs from medical testimony and obstruct their trial preparation, and findings that defendant sought to insulate the plaintiffs from medical testimony by employing Dr. Dillard and Dr. Fishburne as expert witnesses. Defendant supports this assignment of error simply by asserting that no evidence supports the trial court's findings. We disagree.

The evidence adduced at the hearing showed that Dr. Dillard had served as a consulting physician on minor plaintiff's case. He supervised two medical procedures on the child. He spoke with

the mother. This involvement with the case enabled Dr. Dillard to form an opinion that the minor plaintiff had suffered from a lack of oxygen during labor, an opinion highly relevant to the outcome of the case. Plaintiffs' attorney personally consulted with Dr. Dillard concerning the case, and also consulted with him by telephone a number of times thereafter. Unlike Dr. Dillard, Dr. Fishburne did not directly participate in the case. However, plaintiffs employed Dr. Fishburne on a fee basis prior to filing this action, having Dr. Fishburne review pertinent records and discussing these records with him.

Despite Dr. Dillard's involvement with the case, and the contact both doctors had with the plaintiffs, defendant subsequently contacted both physicians, discussed the case with them, and requested their services as expert witnesses for the defense. The doctors agreed to serve as witnesses, and defendant listed both doctors as expert witnesses in response to plaintiffs' interrogatories.

Thereafter, plaintiffs subpoenaed Dr. Dillard to appear at a deposition. Had defendant not listed Dr. Dillard as an expert witness, there would have been no grounds for defendant to object to the taking of his deposition, given his involvement with the case as a treating physician. *See* Rule 30(a), N.C. Rules Civ. Proc. However, based on their engagement of Drs. Dillard and Fishburne to serve as expert witnesses, defendant promptly moved to quash the notice of deposition absent a court order. Defendant's counsel simultaneously sent a letter to plaintiffs' counsel advising him that a formal complaint against him would be filed with the North Carolina State Bar if he did not refrain from communicating with defendant's expert witnesses. Based on these facts, we cannot say that Judge Lane abused his discretion in the findings of fact related to defendant's attempt to insulate plaintiffs from medical testimony and obstruct their trial preparation. *See Travel Agency, Inc. v. Dunn*, 20 N.C. App. 706, 202 S.E. 2d 812, *cert. denied*, 285 N.C. 237, 204 S.E. 2d 23 (1974) (trial court acts within its discretion in making and refusing discovery orders).

Defendant further contends that the lower court erred in ruling that plaintiffs might consult, depose and subpoena Drs. Dillard and Fishburne as any other witnesses, and also erred in

allowing further discovery of defendant's expert witnesses upon oral deposition. Defendant bases these contentions upon an alleged failure of plaintiffs to comply with the discovery procedures contained in the North Carolina Rules of Civil Procedure. We hold that plaintiffs complied with all pertinent discovery procedures, and that the lower court committed no error in its findings of fact and conclusions of law relating to these discovery procedures.

[5] Defendant argues that because he designated Dr. Dillard as an expert witness, the plaintiffs were not permitted to notice Dr. Dillard's deposition without first obtaining a court order pursuant to Rule 26(b)(4)(a)(2). This argument is without merit. Defendant correctly states that Rule 26 provides the exclusive means of discovering facts and opinions held by experts, and the sequence in which discovery is to be made, first by interrogatories and then if discovery is sought by means other than interrogatories, by court order.

The circumstances in this case, however, obviated the need for plaintiffs to obtain a court order before the deposition of Dr. Dillard could be taken. The official comment to Rule 26(b)(4) states that "the subsection does not address itself to the expert whose information was not acquired in preparation for trial but rather because . . . [that expert] was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." Dr. Dillard's role in the Jimmy Green case made him "an actor or viewer with respect to the transactions or occurrences" upon which plaintiffs based this action. Dr. Dillard is therefore to be treated as an ordinary witness, and such a witness may be deposed without a court order. *See generally*, Rule 30, N.C. Rules Civ. Proc.

The case of *Nelco Corp. v. Slater Elec. Inc.*, 80 F.R.D. 411 (E.D.N.Y. 1978) presents an analogous situation, where a deponent was both a fact witness and an expert witness. A United States District Court held that such a witness could be deposed as to the facts known to that witness upon proper notice but would not be required to respond to questions involving his or her expert opinion. Only if the deposing party sought to elicit the witness's expert testimony would a court order be required pursuant to Rule 26(b)(4). The court observed:

> [R]eason dictates that the mere designation by a party of a trial witness as an "expert" does not thereby transmute the experience that the expert witness acquired as an actor into experience . . . acquired in anticipation of litigation or for trial.

*Id.* at 414.

**[6]** Consequently, if defendant had any right to limit Dr. Dillard's testimony, this right would only have been enforceable by objection during the deposition if plaintiffs' counsel had asked questions dealing directly with Dr. Dillard's expert opinions regarding the birth of the minor plaintiff. Defendant had no right to oppose the taking of Dr. Dillard's deposition altogether.

We also find no error in those parts of the order that allow further discovery by oral deposition of Dr. Fishburne and defendant's other expert witnesses. Again, defendant premises his argument on alleged procedural violations by plaintiffs. Plaintiffs expressly proceeded by a Rule 26(b)(4)(a)(2) motion entitled "Motion to Compel Discovery and to Authorize Plaintiffs to Depose Persons Listed as 'Experts' Without Expense to Plaintiffs." As already stated, Rule 26(b)(4) requires a party to seek a court order to secure information from the opposition's expert witnesses other than by interrogatories. Plaintiffs' motion was an effort to obtain such a court order, and therefore proper procedure was followed.

**[7]** Furthermore, there was substantive justification for the court's allowance of further discovery. In response to plaintiffs' interrogatories concerning the facts and opinions to which each of defendant's experts would testify, and the grounds therefore, defendant responded with the same standardized statement for each of its expert witnesses. This standardized statement was largely a disclaimer of defendant's negligence. Although defendant's answers were arguably legally adequate, *see Wilson v. Resnick*, 51 F.R.D. 510 (E.D. Pa. 1970), Rule 26(b)(4)(a)(2) gives a judge discretion to allow further discovery from expert witnesses in addition to interrogatories. Given defendant's superficial, if not unresponsive, answers, and the general philosophy of the Rules of Civil Procedure, *see* discussion *infra*, the court acted within its discretion in permitting further discovery.

[8]   The taxing of court costs, attorney's fees, and other reasonable expenses against the defendant was also proper. Those portions of the order already discussed effectively overruled defendant's motion to quash and for a protective order, and partially granted plaintiffs' motion to compel discovery. Judge Lane therefore had the authority to impose sanctions pursuant to Rule 26(c) and Rule 37(a)(4). Rule 26(c) allows an award of expenses in the event a motion for a protective order is denied. Rule 37(a)(4) allows the court to require the party whose conduct necessitated the bringing of a motion to compel to pay expenses to the prevailing party. Thus, the award of expenses in this case is appropriate both under Rule 26(c) and Rule 37(a)(4). The award is justified under Rule 26(c) because defendant's motion to quash was denied; it is justified under Rule 37(a)(4) because plaintiffs' motion to compel was granted.

In conclusion, we echo the lower court in questioning the propriety of the defendant's engaging Dr. Dillard and Dr. Fishburne as expert witnesses, given their involvement with the plaintiffs' case. The conduct of defendant through his counsel connected with the selection of the doctors as expert witnesses thwarted plaintiffs' legitimate trial preparation. The unsatisfactory answers to plaintiffs' interrogatories concerning the substance and basis for expert testimony further hindered such trial preparation.

The philosophy underlying the North Carolina Rules of Civil Procedure is discussed by Shuford in his work on that subject. Relying on a number of cases and commentators, the author states:

> Procedure is only the means to an end—justice—and not an end in itself . . . . "The fundamental premise of the federal rules is that a trial is an orderly search for the truth in the interest of justice rather than a contest between two gladiators with surprise and technicalities as their chief weapons . . . ." "[I]f the rules are to be effective tools for trial or other disposition of cases, a general attitude of liberal construction must prevail."

W. Shuford, N.C. Civil Practice and Procedure § 1-3 (2d ed. 1981). *See Telegraph Co. v. Griffin*, 39 N.C. App. 721, 727, 251 S.E. 2d 885, 888, *review denied*, 297 N.C. 304, 254 S.E. 2d 921 (1979)

(discovery rules to be construed liberally so as to substantially accomplish their purposes).

Defendant's actions, characterized by a reliance on "surprise and technicalities," were contrary to that which the Rules of Civil Procedure were designed to achieve. *See, e.g., Telegraph Co. v. Griffin, supra* (a primary purpose of discovery rules is to facilitate disclosure of relevant and material information to permit narrowing and sharpening of basic issues and facts). Judge Lane's order sought to remedy the improprieties committed by defendant, and promote the search for truth and justice in the case by a flexible yet fair construction of the rules. The order is proper in all respects. *See Hudson v. Hudson,* 34 N.C. App. 144, 237 S.E. 2d 479, *review denied,* 293 N.C. 589, 239 S.E. 2d 264 (1977) (orders concerning discovery are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of discretion).

Affirmed.

Judges WHICHARD and PHILLIPS concur.